JUDGE VYSKOCIL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT G. LOPEZ, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NIKE, INC., | ) |
| WABI SABI, INC., | ) |
| G&S SPORTING GOODS, LLC, | ) |
| BIERGARTEN HOLDINGS CORP., | ) |
| SCHOTT BROS, INC., | ) |
| RAGEON, INC., and | ) |
| Does 1-10 | ) |
| | ) |
| Defendants. | ) |

# 20 CV 00905

Civil Action No.

**JURY TRIAL DEMANDED**

### COMPLAINT FOR TRADEMARK INFRINGEMENT,
### UNFAIR COMPETITION, COPYRIGHT INFRINGEMENT AND RELATED CLAIMS

Plaintiff, Robert G. Lopez, alleges his complaint against Defendants, Nike, Inc. ("Nike"), Wabi Sabi, Inc., G&S Sporting Goods, LLC ("G&S"), Biergarten Holdings, Corp, ("Biergarten"), Schott Bros, Inc., Rageon, Inc. ("Rageon") and Does 1-10 as follows:

### NATURE OF THE ACTION

1.      This action arises from the Defendant's Nike, Wabi Sabi, G&S, Biergarten and Schott Bros. infringement of Plaintiff's "ownership" and exclusive "use" rights in the marks **LES NYC®**, **LES™**, **537™** and **LOWER EAST SIDE™** in conjunction with clothing and related goods.  Despite Plaintiff being the registered owner of the trademarks **LES NYC® LES™,** and **LOWER EAST SIDE™** and offering various clothing items under such brand names, the Defendants have infringed Plaintiff's rights in the aforementioned marks by placing Plaintiff's aforementioned trademarks on Defendant's Nike, Wabi Sabi, G&S, Biergarten and

Schott Bros. footwear, clothing and/or head wear products and are manufacturing, printing, producing, promoting, advertising, selling, and offering for sale sneakers and clothing items including and under Plaintiff's trademarks. Plaintiff has already experienced "actual confusion" in connection with this matter and is likely to continue to experience confusion as to the affiliation, association or connection between all of the Defendants named in this action and Plaintiff resulting in the unjust enrichment of all the Defendants by using Plaintiff's registered trademarks and/or copyright.

Defendant Rageon has infringed Plaintiff's copyright and has copied, published, reproduced and exploited the design depicted below on clothing and other similar goods and items, which infringes Plaintiff's federally registered copyright for the work titled "**Trust No One T-Shirt Design**":



## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 15 U.S.C. §1051 *et seq.*, 15 U.S.C. Sections 1114-1116; under Section 43(a) of the Trademark Act, 15 U.S.C. §1125(a), Section 43(c) of the Trademark Act, 15 U.S.C. §1125(c), 17 U.S.C. §101, et. seq., 17 U.S.C. §501-509 and 28 U.S.C. §1367.

3.      This Court has personal jurisdiction over the Defendants because Defendants engage in continuous and significant business activities in, and directed to the State of New York

within this judicial district and because Defendants have committed tortuous acts aimed at and causing harm within the State of New York and this judicial district.

4.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because it is where Plaintiff resides and the Defendants transacts business in this district, and because a substantial portion of the events giving rise to the asserted claims have occurred, and continue to occur, within this district.  Furthermore, the damage to Plaintiff and his intellectual property described herein continues to occur in this judicial district.

## <u>THE PARTIES</u>

5.    Plaintiff, Robert G. Lopez is an individual residing at 230 Clinton Street, Apt. #11C, New York, NY 10002.

6.    Upon information and belief, Defendant Nike, Inc. is an Oregon Corporation with a principal place of business at One Bowerman DR, Beaverton, Oregon 97005.

7.    Upon information and belief, Defendant Wabi Sabi, Inc. is a Delaware Corporation with a principal place of business at 714 Valencia Street – San Francisco, California 94110.

8.    Upon information and belief, Defendant G&S Sporting Goods, LLC is a Delaware Limited Liability Company with a principal place of business at 336 W. 37th Street, New York, New York 10018.

9.    Upon information and belief, Defendant Biergarten Holdings Corp. is a Delaware Corporation with a principal place of business at 7 Rivington Street – Front A, New York, New York 10002.

10.    Upon information and belief, Defendant Schott Bros, Inc. is a New Jersey Corporation with a principal place of business at 735 Rahway Ave., Union, New Jersey 07083.

11.   Upon information and belief, Defendant Rageon, Inc. is a Delaware Corporation with a principal place of business at 1163 E 40th Street – Suite 211, Cleveland, Ohio 44114.

12.   Plaintiff is ignorant to the true names of Defendant's John Doe 1 through 10. Plaintiff will amend this complaint when the true names of Does 1 through 10 are discovered. Plaintiff is informed and believes that Defendants Does 1 through 10, inclusive, are manufacturers, vendors, distributors and online retailers of clothing products illegally offered for sale using Plaintiff's trademarks and copyrights.

## **FACTS**

13.   Since at least as early as 1997, Plaintiff Robert G. Lopez has been selling headwear, t-shirts, sweaters, hoodies and other clothing items under the **LES NYC®, LOWER EAST SIDE™,** and **LES™** brand names.

14.   Since at least as early as 1999, Plaintiff has been independently operating a clothing business under the trade name **L.E.S. CLOTHING CO.™**, which has sold headwear, t-shirts, sweaters, hooded sweatshirts and other related clothing items under the marks **LES NYC®, LOWER EAST SIDE™** and **LES™** . Since at least as early as 2010, Plaintiff has also been selling clothing items under the mark **LOYALTY EQUALS STRENGTH™** which is an additional representation of what the **LES™** acronym stands for and represents. Since 2010 Plaintiff has also sold clothing under the mark **537™.** The numbers "**537**" turned upside down produce the letters "**LES.**"







15.    In addition to selling and offering for sale clothing items under the **LOWER EAST SIDE™**, **LES NYC®**, **LES™**, **537™** and **LOYALTY EQUALS STRENGTH™** brand names, Plaintiff has also continuously sold and offered for sale various clothing items including caps, hooded sweatshirts and t-shirts which bear the **LOWER EAST SIDE™**, **LES™ 537™** and **LES NYC®** marks in various font and design styles which are prominently displayed on the

front and/or back of the headwear, t-shirts and/or sweaters as well as printed on hang tags, clothing labels, stickers and on clothing product packaging materials.

16.    Plaintiff uses the ®, ™ and © symbols on product packaging materials, hang tags, and on promotional materials such as flyers, banners, business cards, etc. to put the public on constructive notice that Plaintiff is claiming trademark rights in the **LOWER EAST SIDE™** , **LES™** and **LES NYC®** brand names. Plaintiff also uses the aforementioned copyright symbol to also put the public on constructive notice that he is claiming copyright in some of the specific **LOWER EAST SIDE™**, **537™**, **LES™** and **LES NYC®** stylized designs that are released, sold and offered for sale by Plaintiff and his **LES CLOTHING CO.™** business







6



17.   Plaintiff sells, and promotes the sale of his clothing via his website www.lesclothing.com, through social media promotions including but not limited to Instagram and Facebook, and his t-shirts, sweaters caps and other clothing items are also available for sale in several retail locations in New York and other States.  From 2012 to 2015 Plaintiff also maintained a Flagship LES Clothing Co. store located at 43 Clinton Street, New York, NY 10002 and in 2019 re-stablished a flagship location at 40 Clinton Street, New York, New York 10002.







 

18.     Plaintiff advertises his **LES CLOTHING CO™**, **LOWER EAST SIDE™**, **THE LOWER™**, **LES™**, **537™** and **LES NYC®** brands and clothing items through flyers, posters, stickers and through grass root street marketing methods such as painted "street murals." Plaintiff also places online advertisements via Facebook and Instagram.  Plaintiff also regularly conducts photo shoots of customers who purchase his **LOWER EAST SIDE™** and **LES NYC®** clothing items to be included in magazine advertisements and other marketing materials.

19.     Plaintiff has a social media following of over twenty thousand 20,000 combined followers for his **LOWER EAST SIDE™ LES™** and **LES NYC®** clothing products and with his sponsored and/or affiliated social media friends and followers each individual post and product offering reaches an audience in the range of a hundred thousand 100,000 social media users and potential consumers of his clothing products.

6








20.     The **LOWER EAST SIDE™ LES™** and **LES NYC®** brands and marks have acquired "secondary meaning" in the marketplace in connection with the sale and offering of clothing goods based on Plaintiff's continuous and long-standing use of the marks in the apparel industry for nearly twenty (20) years.

21.     When consumers of clothing products encounter the **LOWER EAST SIDE™ LES™ 537™** and **LES NYC®** marks in connection with apparel, they associate the **LES™, 537™, LOWER EAST SIDE™** and **LES NYC®** marks with Plaintiff and his **LES CLOTHING CO.™** company.

22.     Plaintiff's **LOWER EAST SIDE™** and **LES NYC®** clothing products enjoys a superlative reputation in the apparel industry.

23.     Plaintiff's **LOWER EAST SIDE™, LES™, 537™** and **LES NYC®** clothing items have been endorsed and worn by celebrities, actors and musicians, including but not limited to actor Luis Guzman and Curtis "50 CENT" Jackson.

11

24.     Plaintiff's **LOWER EAST SIDE™**, **LES™** and **LES NYC®** clothing items have also appeared in movies and on television shows including but not limited to **VH1's BLACK INK CREW**, and **VH1's LOVE & HIP HOP** television shows.

25.     Plaintiff's **LOWER EAST SIDE™** and **LES NYC®** clothing items have been featured and advertised in national publications including but not limited to XXL Magazine and Don Diva Magazine.

26.     Since at least as early as 2007, Plaintiff has been building a portfolio that consists of various trademarks and copyrights that act as business assets for his **LES CLOTHING CO.™** business.

27.     Plaintiff only claims "exclusive use" rights of the **LOWER EAST SIDE™ LES™** and **LES NYC®** marks in connection with apparel and the promotion and sale thereof.

28.     Plaintiff licenses the **LOWER EAST SIDE™**, **LES™** and **LES NYC®** marks and his copyrighted **LOWER EAST SIDE©** designs to third party clothing companies to be used on clothing goods under his direct control and authorization.

29.     Plaintiff is the registered owner of New York State Trademark Registration No. R31067 and R32849 both for the mark **LOWER EAST SIDE™**.  **(See Exhibit A).**

30.     Plaintiff is the registered owner of New York State Trademark Registration No. R31773 for the mark **THE LOWER™**.  **(See Exhibit B).**

31.     Plaintiff is the registered owner of United States Trademark Registration No. 4,549,880 for the mark **LES NYC®** which is the abbreviation and/or acronym for the mark **LOWER EAST SIDE NEW YORK CITY™**.  **(See Exhibit C).**

32.     Plaintiff is the registered owner of United States Copyright Registration No. VA 1-765-666 for the work under the title L.E.S. Cap.  **(See Exhibit D)**.

33.     Plaintiff is the registered owner of United States Copyright Registration No. VA 2-052-462 for the work under the title Circular LES Design Photo.  **(See Exhibit E)**.

34.     Plaintiff is the registered owner of United States Copyright Registration No. VA 1-775-922 for the work under the title **537** design ("**the 537 numbers turned upside down spell LES™)**.  **(See Exhibit F)**.

35.     Plaintiff is the registered owner of United States Copyright Registration No. VA 1-818-626 for the work under the title "L Hand" Design which L design is a representation for **LES™** and **LOWER EAST SIDE™**.  **(See Exhibit G)**.

36.     The mark **LOWER EAST SIDE®** is a federally registered trademark under United States Trademark Registration No. 2,416,437 that has been rendered "**incontestable**" under Section 15 of the Trademark Act and is therefore not open to challenge as to its function as a trademark and brand name as it has been in continuous use as a brand name in excess of fifteen (15) years.  **(See Exhibit H)**.

37.     Plaintiff has a Co-Existence Agreement with Payless Shoesource Worldwide, Inc. who is the owner of United States Trademark Registration No. 2,416,437 for the mark **LOWER EAST SIDE®,** which allows the parties to co-exist in the marketplace and both utilize the **LOWER EAST SIDE™** mark but limits Payless's use of the mark to "**footwear**" and grants and/or limits Plaintiff's rights in the **LOWER EAST SIDE™** mark to "**t-shirts, sweaters, headwear**" and all other forms of clothing that exclude footwear.

38.     By virtue of his Co-Existence Agreement with Payless Shoesource Worldwide, Inc. regarding use of the **LOWER EAST SIDE®** mark, Plaintiff claims joint ownership in United States Trademark Registration No. 2,416,437 for the mark **LOWER EAST SIDE®** and

has standing to bring this trademark infringement action under all applicable federal laws and statutes.

39.     Although Plaintiff has been using his **LOWER EAST SIDE™** and **LES NYC®** marks since at least 1997, in 2007, Plaintiff took the necessary precautions in protecting his business assets and began building a portfolio of various trademark and copyrights assets to protect the brand names, designs and images that he offers under his **LES CLOTHING CO.™** apparel business.

40.     As a small business owner, Plaintiff has aggressively policed and enforced his rights in his intellectual property business assets against clothing retailers and ecommerce entities that manufacture, print, advertise, promote, sell and/or offer for sale clothing and similar items that violate Plaintiff's trademarks and/or copyrighted designs.

41.     Defendant Nike, Inc. is a major retailer of footwear and apparel products and has flagship retail clothing stores worldwide.  Defendant Nike also distributes its footwear and clothing products through various retail clothing stores in New York and worldwide.

42.     Defendant Nike also operates an online retail clothing and footwear store via its website www.nike.com.

43.     Plaintiff is informed and believes and thereon alleges that Defendant Nike is manufacturing, marketing, promoting, advertising, selling and offering for sale a sneaker including and bearing Plaintiff's **LES™, 537™, LES NYC®** and/or **LOWER EAST SIDE™** marks.  Defendant Nike, promoted the release of the "Project 537" sneaker bearing Plaintiff's LES™, 537™ and/or LES NYC® marks on or about November of 2019 via its www.nike.com website Nike By You division.the promotion of the sneaker on the nike.com website included the Plaintiff's **LES™, 537™ LOWER EAST SIDE™** and/or **LES NYC®** marks.  Defendant Nike also uses Plaintiff's trademark by embroidering the "537" and "LES" marks on the rear of the Nike sneaker as shown below.



44.     Defendant Nike's use of Plaintiff's **LES™**, **537™** and/or **LES NYC®** trademarks has already caused confusion and is likely to continue to cause confusion as to the source of footwear and clothing products under the **537™**, **LES™ LOWER EAST SIDE™**, and/or **LES NYC®** marks.

45.     Defendant Nike's use of the **537™** mark on the back of its sneaker is identical to the font Plaintiff uses on his own **537™** clothing products which increases the likelihood of further confusion.

Some of Plaintiff's products bearing the 537™ mark:





16



46.     Defendant Nike's continued use of any variation of Plaintiff's **LOWER EAST SIDE™ LES™ 537™** and/or **LES NYC®** marks is likely to continue to cause confusion as to the source of apparel and footwear products under the aforementioned marks.

47.     Defendant Nike's use of Plaintiff's trademarks is not considered a fair use as it is using the marks for commercial business purposes and for a profit.

48.     Upon information and belief, Defendant Nike is aware of Plaintiff's ownership rights and trademarks in the marks **LES NYC® LES™, 537™** and **LOWER EAST SIDE™**.

17

49.     Defendant Nike's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is selling and offering for sale.

50.     Defendant Nike has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **LES NYC®, 537™, LES™** and **LOWER EAST SIDE™** marks.

51.     Defendant Wabi Sabi, Inc. is a retailer of clothing products and is using Plaintiff's LES NYC® and **LOWER EAST SIDE™** marks by manufacturing, printing, marketing, promoting, advertising, selling and offering for sale via its website www.selfedge.com a t-shirt bearing **LOWER EAST SIDE NEW YORK** in a circular design that is placed on the front of the t-shirt in a printed silk screen printed application.  The aforementioned t-shirt printed and sold by Defendant Wabi Sabi also has a silk screen print on the back of the t-shirts that reads **LES NEW YORK, NY**.  The aforementioned use by Wabi Sabi infringes and is a use in commerce of Plaintiff's **LES NYC™** and **LOWER EAST SIDE™** trademarks.

52.     Defendant Wabi Sabi's use of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under the **LOWER EAST SIDE™** and/or **LES NYC®** marks.

53.     Defendant Wabi Sabi's use of Plaintiff's trademarks is not a fair use as Wabi Sabi is using the marks for commercial business purposes and for a profit.

54.     Defendant Wabi Sabi has the ability to manage, monitor and control the infringing activity that violates Plaintiff's trademarks.

55.     Upon information and belief Defendant Wabi Sabi is aware and has knowledge of Plaintiff's ownership rights in the **LOWER EAST SIDE™** and **LES NYC®** marks.

56.     Defendant Wabi Sabi's infringement of Plaintiff's **LES NYC®** and **LOWER EAST SIDE™** trademarks is willful as it is aware of the infringing content it is selling and offering for sale from its website.

57.     Defendant Wabi Sabi has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **LES NYC®** and **LOWER EAST SIDE™** marks.

58.     Defendant G&S Sporting Goods, LLC is a retailer of apparel products and sporting goods.

59.     Defendant G&S operates an online retail clothing store via its website www.gsfightsupply.com that sells clothing goods.

60.     Plaintiff is informed and believes and thereon alleges that Defendant G&S is using Plaintiff's LES NYC™ trademark in commerce and has manufactured and is marketing, promoting and offering for sale a t-shirt and cap bearing Plaintiff's **LES NYC®** mark by placing the mark on the front of the t-shirt in a silk screen printed application and by placing Plaintiff's LES NYC™ mark on the front of the cap in an embroidered application and is selling the products via its website.

61.     Defendant G&S's use of Plaintiff's trademark has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under Plaintiff's **LES NYC®** mark.

62.     Defendant G&S's continued use of any variation of Plaintiff's **LES NYC®** mark is likely to continue to cause confusion as to the source of apparel products under the aforementioned mark.

63.     Defendant G&S's use of Plaintiff's trademarks is not considered a fair use as it is using the marks for commercial business purposes and for a profit.

19

64.     Upon information and belief, Defendant G&S is aware of Plaintiff's ownership rights and trademarks in the marks **LES NYC®** and **LOWER EAST SIDE™**.

65.     Defendant G&S's infringement of Plaintiff's **LES NYC®** trademark is willful as it is aware of the infringing content it is selling and offering for sale.

66.     Defendant G&S has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **LES NYC®** and/or **LOWER EAST SIDE™** marks.

67.     Defendant Biergarten operates an online retail clothing store via its website https://loreley-beer-garden.myshopify.com.

68.     Plaintiff is informed and believes and thereon alleges that Defendant Biergarten is manufacturing, marketing, promoting, advertising, selling and offering for sale a hoodie bearing Plaintiff's **LOWER EAST SIDE™** and **LES NYC®** marks via its website referenced in paragraph 67 above which violates Plaintiff's trademark rights in the aforementioned marks.

69.     Defendant Biergarten's use of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under the **LOWER EAST SIDE™** and/or **LES NYC®** marks.

70.     Defendant Biergarten's continued use of any variation of Plaintiff's **LOWER EAST SIDE™** and/or **LES NYC®** marks is likely to continue to cause confusion as to the source of apparel products under the aforementioned marks.

71.     Defendant Biergarten's use of Plaintiff's trademarks is not considered a fair use as it is using the marks for commercial business purposes and for a profit.

72.     Upon information and belief, Defendant Biergarten is aware of Plaintiff's ownership rights and trademarks in the marks **LES NYC®** and **LOWER EAST SIDE™**.

73.     Defendant Biergarten's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is selling and/or offering for sale.

74.     Defendant Biergarten has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **LES NYC®** and **LOWER EAST SIDE™** marks.

75.     Defendant Schott Bros. is a retailer of apparel products and has retail clothing stores in New York, California and various other states.

76.     Plaintiff is informed and believes and thereon alleges that Defendant Schott Bros. Is using Plaintiff's **LES NYC®** and **LOWER EAST SIDE™** trademarks in commerce and is manufacturing, advertising, promoting, selling and offering for sale a collection of t-shirts and other shirts that place Plaintiff's federally registered **LES NYC®** and **LOWER EAST SIDE™** on its t-shirts and other shirts which violate Plaintiff's trademark rights in the aforementioned marks.

77.     Defendant Schott Bros. use of Plaintiff's **LES NYC®** and **LOWER EAST SIDE™** trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under the **LOWER EAST SIDE™** and/or **LES NYC®** marks.

78.     Defendant Schott Bros. continued use of any variation of Plaintiff's **LOWER EAST SIDE™** and/or **LES NYC®** marks is likely to continue to cause confusion as to the source of apparel products under the aforementioned marks.

79.     Defendant Schott Bros. use of Plaintiff's trademarks is not considered a fair use as it is using the marks for commercial business purposes and for a profit.

80.     Upon information and belief Defendant Schott Bros. is aware of Plaintiff's ownership rights and trademarks in the marks **LES NYC®** and **LOWER EAST SIDE™**.

81.     Defendant Schott Bros. infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is selling and offering for sale.

82.     Defendant Schott Bros has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **LES NYC®** and **LOWER EAST SIDE™** marks.

83.     Plaintiff was been contacted by several long-standing customer of his **LES CLOTHING CO™ LOWER EAST SIDE™ THE LOWER™** and **LES NYC®** clothing products regarding the **LOWER EAST SIDE™** and **LES™** branded products that are offered and sold by each Defendant named in this action thinking the products were sponsored, affiliated and/or done in collaboration with Plaintiff and his **LES Clothing Co™** company and business.

84.     Defendant Rageon owns and operates an online retail store that allows its users and account holders to sell products, including but not limited to clothing items such as t-shirts and sweaters that infringe third parties intellectual property rights including Plaintiff's trademarks and copyright.

85.     Defendant Rageon is selling, offering for sale, promoting and advertising clothing items that infringe on Plaintiff's copyrights.

86.     Defendant Rageon is exploiting, copying, reproducing, selling and offering for sale, clothing items that infringe Plaintiff's Trust No One T-Shirt Design copyright from its website www.rageon.com. **(See Exhibit G).**

22

87.     In 2014, Plaintiff designed a t-shirt image to be offered under his **LES CLOTHING CO™**'s **LOYALTY EQUALS STRENGTH™** collection.  The design was titled and included the words "**TRUST NO ONE**" and depicted the image below:



88.     Plaintiff currently offers for sale and has been selling clothing under the Trust No One T-Shirt Design since at least 2014.

**Plaintiff's Products under this design**

 

23







LES Clothing Co.™ "Trust No
One" Tee

LES Clothing Co.™ "Trust No
One" Tee

$14.99 $30.00

$14.99 $30.00

89.     Plaintiff is the registered owner of United States Copyright Registration No. VA 2-068-993 for the work under the title "**Trust No One T-Shirt Design**." (**See Exhibit H**).

90.     Defendant Rageon, without authorization or consent from Plaintiff has copied, reproduced, exploited, advertised, marketed, sold and offered for sale clothing items under Plaintiff's copyrighted Trust No One T-Shirt Design.  A copy of the infringing design copied, reproduced and offered for sale on clothing items by Rageon is depicted in the image below from the www.rageon.com website:

24



91.     The above image, copied, reproduced, sold and offered on clothing products by Rageon copies constituent elements of Plaintiff's "Trust No One T-Shirt Design" copyright and constitutes copyright infringement.  It is an identical copy and reproduction of the design portion of Plaintiff's registered copyright.

92.     The above designed and unauthorized use of Plaintiff's copyrighted design by Bonanza.com is used on various t-shirt products offered by Bonanza.  Each separately advertised clothing item depicted in a different product offering is a separate and individual violation of Plaintiff's Trust No One T-Shirt Design copyright.

93.     Plaintiff provided Rageon with an Infringement Notice regarding his copyright that is being infringed but it failed to act expeditiously in removing the infringing content as requested by Plaintiff and as such is liable for copyright infringement.

94.     Upon information and belief, Defendant Rageon has the direct control over the products sold from its website and has the ability to monitor and control the infringing activity.

95.     Upon information and belief, Defendant Rageon continues to offer for sale clothing items utilizing unauthorized copies of Plaintiff's copyright image.

96.     A comparison of the above images makes it clear that the accused product is substantially similar and/or identical to the design content of Plaintiff's Trust No One T-Shirt Design.  This violates Plaintiff's copyright in his Trust No One T-Shirt Design.

## FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT (15 U.S.C. §§ 1114-1116)

97.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 96 of this Complaint.

98.     The use in commerce by Defendants of an identical and slightly identical version of Plaintiff's registered trademark is likely to cause confusion, mistake and deception among members of the public and in trade as to the source, origin, or sponsorship of defendants' goods and services.  Such use by Defendants constitutes a clear and direct infringement of Plaintiff's rights in and to Plaintiff's registered trademark, and has resulted in injury and damage to Plaintiff that will continue if Defendants are not ordered to cease all use of the **LES NYC®** and **LOWER EAST SIDE™** marks.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)

99.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 98 of this Complaint.

100.   Plaintiff has the exclusive right to market, brand and provide clothing related goods using the **LES NYC®, 537™, LES™** and **LOWER EAST SIDE™** marks.

101.   Defendants Nike, Wabi Sabi, G&S, Biergarten, and Schott Bros. by reason of the aforementioned acts, have falsely described, represented and designated the origin of its goods and services. Defendants' activities already have confused the public into believing that the aforementioned Defendants and Plaintiff's clothing goods and accessories come from one and the same source, and Defendants continued activities are likely to create further confusion and deceive the public concerning the source of the goods/services.

102.   Defendants have unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined by this Court.

103.   By reason of Defendants willful acts conducted in conscious disregard for Plaintiff's rights, Plaintiff is entitled to treble damages under 15 U.S.C. § 1117(a).

**THIRD CAUSE OF ACTION**
**COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION**

104.   Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 103 of this Complaint.

105.   Defendants conduct constitutes deception by which Defendants goods will be palmed off as those of Plaintiff. Such conduct constitutes trademark infringement and unfair competition in violation of the laws of the State of New York.

106.   Defendants Nike, Wabi Sabi, G&S, Biergarten and Schott Bros. unauthorized use of Plaintiff's **LOWER EAST SIDE™, LES™, 537™** and **LES NYC®** marks is likely to continue to cause further confusion to the public as to the clothing goods and accessories of the respective parties.

107.    By reason of the foregoing, Defendants have infringed and continues to infringe on Plaintiff's common law rights in the **LOWER EAST SIDE™** and **LES NYC®** marks and Defendants have become unjustly enriched by such acts of infringement.

108.    Defendants unlawful conduct has been and will continue to be willful or willfully blind to Plaintiff's rights, as Defendant has reason to know of Plaintiff's rights.

**FOURTH CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**(against Defendant Rageon, Inc. only)**

109.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 108 of this Complaint.

110.    Plaintiff is the creator, author, and owner of all rights of copyright in and to the Trust No One T-Shirt Design.

111.    Plaintiff acquired copyright protection in the Trust No One T-Shirt Design in 2017 but has been utilizing the design and created the design in 2014.

112.    Defendant Rageon, Inc. without authorization of Plaintiff as the owner of all rights of copyright in the Trust No One T-Shirt Design, and in violation of 17 U.S.C. §§101 et seq., has intentionally and willfully copied, distributed, and publicly displayed and sold and/or offered for sale, a sweater and shorts that include a design that is identical or in the least, substantially similar to the Plaintiff's copyrighted Trust No One T-Shirt Design, that is used on his clothing items.

113.    Defendant's actions constitute copyright infringement and have caused and will continue to cause Plaintiff irreparable harm and injury unless enjoined by this Court.

114.    By reason of Defendants infringement of Plaintiff's copyright in his Trust No One T-Shirt Design in connection with clothing, Defendant Rageon has derived revenues and profits attributable to said infringement, the amount of which has yet to be ascertained.

115.    Defendant's infringement of Plaintiff's copyright in the Trust No One T-Shirt Design, was committed "willfully" as that term is used in 17 U.S.C. §504(c)(2).  At all times mentioned herein, and upon information and belief, Defendant was aware of, and had reason to believe, that its acts constituted infringement of Plaintiff's copyrights.

## FIFTH CAUSE OF ACTION
## UNJUST ENRICHMENT

116.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 115 of this Complaint.

117.    Defendants have unjustly retained profits from the sale of clothing goods and accessories bearing Plaintiff's **LOWER EAST SIDE™, 537™** and/or **LES NYC®** marks and Plaintiff's Trust No One T-shirt design.

118.    Defendant's actions constitute unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1.    Entry of an order and judgment requiring that all Defendants, its subsidiaries, officers, agents, servants, employees, owners, and representatives, and all other persons or entities in active concert or participation with them, be preliminarily and, thereafter, permanently enjoined and restrained from (a) using in any manner the trade name, trademark, domain name or other indicia or origin, including in whole or part the term **LOWER EAST SIDE™, 537™ LES NYC®**, or any colorable imitation thereof; (b) advertising, operating a website, using business stationary or offering any goods or services using the trade name, trademark, domain name,

URL, or any other indicia of origin including in whole or part the term **LES NYC®**, or any colorable imitation thereof; (c) otherwise engaging in any acts of unfair competition and infringement which tend to injure Plaintiff's rights in the **LES NYC®** mark.

2.      That Defendants be required to account to Plaintiff for any and all profits derived by it, and to compensate Plaintiff for all the damages sustained by reason of the acts complained of herein, and that the damages herein be trebled pursuant to the Trademark Act.

3.      That Defendants be ordered to deliver up for destruction any and all infringing materials bearing the **LOWER EAST SIDE™** and **LES NYC®** marks, and any colorable imitation thereof, in whole or part.

4.      That Plaintiff be awarded punitive damages.

5.      That Defendants be required to place advertisements or send notifications to past and present customers that it improperly has been using the **LOWER EAST SIDE™** and/or **LES NYC®** marks.

6.      That Plaintiff be awarded statutory damages in the amount of $500,000.00 for Defendants acts of willful infringement.

7.      That Plaintiff be awarded statutory damages against Rageon in the amount of $1,000,000.00 for Defendant Rageon's acts of willful infringement of Plaintiff's copyright.

8.      That Plaintiff be awarded the cost and disbursements of this action.

9.      That Plaintiff have such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Case 1:20-cv-00905-MKV   Document 2   Filed 02/03/20   Page 30 of 55

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.

Dated: February 2, 2020
      New York, New York

                       Respectfully submitted,
                       Robert G. Lopez – Pro Se

                       Robert G. Lopez
                       Pro Se Plaintiff
                       230 Clinton Street – Apt. #11C
                       New York, New York 10002
                       (917) 868-1698

31

# EXHIBIT A

# New York State Department of State
# Certificate of Trademark Registration

*I Daniel E. Shapiro, Special Deputy Secretary of State, do certify that the Trademark described below and depicted on the attached copy has been duly registered in this Department pursuant to Article 24 of the General Business Law. This registration will remain in force for TEN years from the Date of Registration.*

| | | |
|---|---|---|
| **Registration Number:** | R31067 | **Registration Date:** 06/06/07 |

**Applicant:**  ROBERT G. LOPEZ
230 CLINTON STREET APT. #11C
NEW YORK                     NY      10002-

**State of Incorporation or Partnership Organization:**

**Class Numbers:**          25

**Date First Used in NYS:**      12/1999          **Date First Used Anywhere**      12/1999

**Trademark Description:**
LOWER EAST SIDE

*The mark is comprised of the words "Lower East Side" In stylized letters with an underline and overline.*

**Description of Goods:**      *Clothing, namely, T-shirts, Hooded Sweatshirts, Vest, Hats and Caps as adopted from the USPTO.*

**WITNESS** *my hand and the seal of the State of New York In the City of Albany on this:*

*Thursday, August 16, 2007*

*by:*



**Special Deputy Secretary of State**

*DOS-690 (Rev. 3/01)*

# *New York State Department of State*
# *Certificate of Trademark Registration*

*I, Anthony Giardina, Executive Deputy Secretary of State, do certify that the Trademark described below and depicted on the attached copy has been duly registered in this Department pursuant to Article 24 of the General Business Law. This registration will remain in force for TEN years from the Date of Registration.*

| | | | |
|---|---|---|---|
| **Registration Number:** | R32849 | **Registration Date:** | 08/09/16 |
| **Applicant:** | **ROBERT G. LOPEZ**<br>*230 CLINTON ST. - APT. 11C*<br>*NEW YORK* | *NY   10002-* | |
| **State of Incorporation or Partnership Organization:** | | | |
| **Class Numbers:** | 25 | | |
| **Date First Used in NYS:** | 12/01/1999 | **Date First Used Anywhere:** | 12/01/1999 |

**Trademark Description:**
The mark is comprised of the words LOWER EAST SIDE without claim to any particular font, style or design.

**Description of Goods:**   Clothing, namely; t-shirts, sweaters, shorts and headwear.

**WITNESS** *my hand and the seal of the State of New York in the City of Albany on this:*

*Thursday, August 11, 2016*

*by:*

*Executive Deputy Secretary of State*

*DOS-690 (Rev. 8/13)*

**EXHIBIT B**

# *New York State Department of State*
# *Certificate of Trademark Registration*

*I Daniel E. Shapiro, Special Deputy Secretary of State, do certify that the Trademark described below and depicted on the attached copy has been duly registered in this Department pursuant to Article 24 of the General Business Law. This registration will remain in force for TEN years from the Date of Registration.*

| | | | |
|---|---|---|---|
| **Registration Number:** | R31773 | **Registration Date:** | 11/22/10 |

**Applicant:**   **ROBERT G. LOPEZ**
    *230 CLINTON ST. - APT #11C*
    *NEW YORK*          *NY*      *10002-*

**State of Incorporation or Partnership Organization:**

**Class Numbers:**      25

| | | | |
|---|---|---|---|
| **Date First Used in NYS:** | 03/00/08 | **Date First Used Anywhere:** | 03/00/08 |

**Trademark Description:**

The mark is comprised of the words "THE LOWER" with five stars appearing beneath the literal element of the mark.

**Description of Goods:**      Clothing, namely; T-shirts, hooded sweatshirts and caps.

**WITNESS** *my hand and the seal of the State of New York in the City of Albany on this:*

*Monday, November 22, 2010*

*by:*

*Special Deputy Secretary of State*

*DOS-690 (Rev. 3/01)*

**EXHIBIT C**

# United States of America
## United States Patent and Trademark Office

# LES NYC

**Reg. No. 4,549,880**
**Registered June 17, 2014**

LOPEZ, ROBERT G. (UNITED STATES INDIVIDUAL)
230 CLINTON STREET - APT. #11C
NEW YORK, NY 10002

**Int. Cl.: 25**

FOR: BASEBALL CAPS AND HATS; HOODED SWEATSHIRTS; SHORT-SLEEVED OR LONG-SLEEVED T-SHIRTS; T-SHIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

**TRADEMARK**

FIRST USE 12-0-1999; IN COMMERCE 12-0-1999.

**PRINCIPAL REGISTER**

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SEC. 2(F).

SER. NO. 85-335,314, FILED 6-1-2011.

ALICE BENMAMAN, EXAMINING ATTORNEY



*Michelle K. Lee*
**Deputy Director of the United States
Patent and Trademark Office**

# EXHIBIT D

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Acting Register of Copyrights, United States of America

**Registration Number**

## VA 1-765-666

**Effective date of registration:**

January 20, 2011

## Title

**Title of Work:** L.E.S. Cap

## Completion/Publication

**Year of Completion:** 2011

**Date of 1st Publication:** January 20, 2011    **Nation of 1st Publication:** United States

## Author

■   **Author:** Robert G. Lopez

**Author Created:** photograph(s)

**Work made for hire:** No

**Citizen of:** United States    **Domiciled in:** United States

**Year Born:** 1976

## Copyright claimant

**Copyright Claimant:** Robert G. Lopez

230 Clinton Street, New York, NY, 10002, United States

## Certification

**Name:** Robert G. Lopez

**Date:** January 20, 2011

**Correspondence:** Yes

Page 1 of 1

**EXHIBIT E**

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Karyn Temple Claggett*

Acting United States Register of Copyrights and Director

**Registration Number**

## VA 2-052-462

**Effective Date of Registration:**
June 15, 2017

## Title

**Title of Work:** Circular LES Design Photo

## Completion/Publication

**Year of Completion:** 2012
**Date of 1st Publication:** March 20, 2012
**Nation of 1st Publication:** United States

## Author

- **Author:** Robert G Lopez
  **Author Created:** photograph
  **Citizen of:** United States

## Copyright Claimant

**Copyright Claimant:** Robert G Lopez
230 Clinton Street, Apt. #11C, New York, NY, 10002, United States

## Certification

**Name:** Robert G. Lopez
**Date:** June 15, 2017

Page 1 of 1

**EXHIBIT F**

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-775-922

**Effective date of registration:**

June 1, 2011

## Title

**Title of Work:** 537 Design

## Completion/Publication

**Year of Completion:** 2010

**Date of 1st Publication:** December 15, 2010     **Nation of 1st Publication:** United States

## Author

- **Author:** Thomas Riley

  **Author Created:** 2-D artwork

  **Work made for hire:** Yes

  **Citizen of:** United States     **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Robert G. Lopez

230 Clinton Street - #11C, New York, NY, 10002, United States

**Transfer Statement:** By written agreement

## Certification

**Name:** Robert G. Lopez

**Date:** June 1, 2011

**EXHIBIT G**

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-818-626

**Effective date of registration:**

April 21, 2012

---

## Title

**Title of Work:** "L Hand" Design

## Completion/Publication

**Year of Completion:** 2012

**Date of 1st Publication:** April 19, 2012   **Nation of 1st Publication:** United States

## Author

**Author:** Robert G Lopez

**Author Created:** photograph(s)

**Work made for hire:** No

**Citizen of:** United States   **Domiciled in:** United States

**Year Born:** 1976

## Copyright claimant

**Copyright Claimant:** Robert G. Lopez

230 Clinton Street - #11C, New York, NY, 10002, United States

## Certification

**Name:** Robert G. Lopez

**Date:** April 21, 2012

---

Page 1 of 1

# EXHIBIT H

Trademark Electronic Search System (TESS)

 **United States Patent and Trademark Office**

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Fri Jun 2 02:21:45 EDT 2017*

**TESS HOME** | **NEW USER** | **STRUCTURED** | **FREE FORM** | **BROWSE DICT** | **SEARCH OG** | **BOTTOM** | **HELP** | **PREV LIST** | **CURR LIST**

**NEXT LIST** | **FIRST DOC** | **PREV DOC** | **NEXT DOC** | **LAST DOC**

Logout | Please logout when you are done to release system resources allocated for you.

Start | List At: [        ] OR Jump | to record: [        ] **Record 26 out of 29**

**TSDR** | **ASSIGN Status** | **TTAB Status** | *( Use the "Back" button of the Internet Browser to return to TESS)*

# LOWER EAST SIDE

| | |
|---|---|
| **Word Mark** | LOWER EAST SIDE |
| **Goods and Services** | IC 025. US 022 039. G & S: Footwear. FIRST USE: 19990616. FIRST USE IN COMMERCE: 19990616 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 75652553 |
| **Filing Date** | March 3, 1999 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | November 30, 1999 |
| **Registration Number** | 2416437 |
| **International Registration Number** | 1220106 |
| **Registration Date** | December 26, 2000 |
| **Owner** | (REGISTRANT) PAYLESS SHOESOURCE WORLDWIDE, INC. CORPORATION KANSAS Jayhawk Towers 700 SW Jackson Topeka KANSAS 66603 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | ROBERT CARROLL |
| **Prior Registrations** | 1795922 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20110108. |
| **Renewal** | 1ST RENEWAL 20110108 |

Case 1:20-cv-00905-MKV  Document 2  Filed 02/03/20  Page 48 of 55

# EXHIBIT I



New Year! New You! Get $5 OFF your order
with code: JAN5

Create      Sell

TRACK
ORDER

LOGIN

RageOn!

Search millions of products

Get Started

COLLECTIONS    GUYS    GIRLS    KIDS    SWEATSHIRTS    HOME DECOR    SALE    **READY TO SHIP**

MORE

**AS SEEN ON**





| | | | | |
|---|---|---|---|---|
| $19.99 | $19.95 | $24.95 | $24.99 | $44.95 |

♡ 11    ☆ 0    💬 0

## Trust None
by: Jayy_2live
~~$64.95~~  Save 23%
### $49.95

X-SMALL

Quantity

1

New Year! New You! Get $5 OFF your order
with code: **JAN5**

Create        Sell                    TRACK        LOGIN
                                      ORDER

# RageOn!

Search millions of products                    🔍

                                                        Get Started

COLLECTIONS    GUYS    GIRLS    KIDS    SWEATSHIRTS    HOME DECOR    SALE    **READY TO SHIP**

MORE



## AS SEEN ON

# People

# TIME

THE
HUFFINGTON
POST

# BuzzFeed

♡ 8     ☆ 0     💬 0

# trust no one
by: **mtl_lowkey**

~~$45.95~~   Save 22%

## $35.95

**X-SMALL**

Quantity

1

### ADD TO CART

Share to earn 10% commission. Learn more.

Share

f  🐦  📌  ✉

**About**          Specs          Sizing

Estimated **13 business days production time + shipping time**, unless coupled with products that have a longer stated production time.

**\*\*\* Please check the Sizing tab for measurements as you may want to order a size up. \*\*\***

**EXHIBIT J**

Case 1:20-cv-00905-MKV   Document 2   Filed 02/03/20   Page 54 of 55

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code,*
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*[signature]*

Acting United States Register of Copyrights and Director

**Registration Number**
## VA 2-068-993
**Effective Date of Registration:**
January 21, 2017

## Title
_____

**Title of Work:**  Trust No One T-Shirt Design

## Completion/Publication
_____

**Year of Completion:**  2014
**Date of 1st Publication:**  October 20, 2015
**Nation of 1st Publication:**  United States

## Author
_____

• **Author:**  Robert G Lopez
**Author Created:**  2d artwork
**Citizen of:**  United States

## Copyright Claimant
_____

**Copyright Claimant:**  Robert G Lopez
230 Clinton Street, Suite 11C, New York, NY, 10002, United States

## Certification
_____

**Name:**  Robert G. Lopez
**Date:**  January 21, 2017

**Correspondence:**  Yes