# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

ROBERT G. LOPEZ, an individual,    )
           )
     Plaintiff,         )
           )
        v.          )     **Civil Action No.  20 CV 00905**
           )
NIKE, INC.,         )
WABI SABI, INC.,      )     **JURY TRIAL DEMANDED**
G&S SPORTING GOODS, LLC,   )
BIERGARTEN HOLDINGS CORP., )
SCHOTT BROS, INC.,     )
CUSTOMINK, LLC,      )     **FIRST AMENDED COMPLAINT**
YNAP CORPORATION,    )
STOCKX, LLC,       )
KITH RETAIL, LLC,     )
URBAN OUTFITTERS, INC.,   )
PARAGON SPORTS, LLC,    )
BLOOMINGDALES, INC.,    )
NORDSTROM, INC.,     )
NEIMAN MARCUS, INC.    )
BOP, LLC,         )
RAKUTEN USA, INC.,    )
EMINENT, INC.,      )
DRJAY'S.COM, INC.,     )
THREDUP, INC.,      )
DULUTH HOLDINGS, INC.,   )
ABERCROMBIE & FITCH CO.,  )
MERCHNOW, LLC,      )
BIG CARTEL, LLC,     )
NEW ERA CAP CO., INC., and  )
Does 1-10         )
           )
     Defendants.     )

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 3-6-20

RECEIVED
SDNY PRO SE OFFICE
2020 MAR -6 AM 9: 23

## COMPLAINT FOR TRADEMARK INFRINGEMENT,
## UNFAIR COMPETITION, COPYRIGHT INFRINGEMENT AND RELATED CLAIMS

Plaintiff, Robert G. Lopez, alleges his complaint against Defendants, Nike, Inc. ("Nike"), Wabi Sabi, Inc., G&S Sporting Goods, LLC ('G&S"), Biergarten Holdings, Corp, ("Biergarten"), Schott Bros., Inc., Customink, LLC, YNAP Corporation ("YNAP"), StockX, LLC, Kith Retail, LLC ("KITH"), Urban Outfitters, Inc., Paragon Sports, LLC ("Paragon"), Bloomingdales, Inc., Nordstrom, Inc., Neiman Marcus, Inc., BOP, LLC, Rakuten USA, Inc. ("Rakuten"), Eminent, Inc., DRJay's.com, Inc. ("DR Jay's") Thredup, Inc., Duluth Holdings, Inc. ("Duluth"), Abercrombie & Fitch Co. ("A&F"), Merchnow, LLC, Big Cartel, LLC, New Era Cap Co., Inc. ("New Era") and Does 1-10 as follows:

## NATURE OF THE ACTION

1.      This action arises from the Defendant's Nike, Wabi Sabi, G&S, Biergarten, Schott Bros., Ynap, StockX, Kith, Urban Outfitters, Paragon, Bloomingdales, Nordstrom, Neiman Marcus, Bop, Rakuten, Eminent, Dr Jay's, Thredup, Duluth, A&F and Merchnow's infringement of Plaintiff's "ownership" and exclusive "use" rights in the marks **LES NYC®**, **LES™**, **537™** and **LOWER EAST SIDE™** in conjunction with clothing and related goods. Despite Plaintiff being the registered owner of the trademarks **LES NYC®  LES™**, and **LOWER EAST SIDE™** and offering various clothing items under such brand names, the Defendants have infringed Plaintiff's rights in the aforementioned marks by placing Plaintiff's aforementioned trademarks on Defendant's Nike, Wabi Sabi, G&S, Biergarten, Schott Bros., YNAP, StockX, Kith, Urban Outfitters, Paragon, Bloomingdales, Nordstrom, Neiman Marcus, BOP, Rakuten, Eminent, Dr. Jay's, Thredup, Duluth, A&F and Merchnow's footwear, clothing and/or head wear products and are manufacturing, printing, producing, promoting, advertising, selling, and offering for sale sneakers and clothing items including and under Plaintiff's aforementioned trademarks.  Plaintiff has already experienced "actual confusion" in connection with this matter and is likely to continue to experience confusion as to the affiliation, association or connection between all of the Defendants named in this action and Plaintiff resulting in the unjust enrichment of all the Defendants by using Plaintiff's registered trademarks and/or copyright.

Defendant Customink, LLC has infringed Plaintiff's copyright and has copied, published, reproduced and exploited the design depicted below on clothing and other similar goods and items, which infringes Plaintiff's federally registered copyright for the work titled "**Trust No One T-Shirt Design**":



Defendants Big Cartel and New Era Cap Co., Inc. have infringed Plaintiff's copyright and have copied, published, reproduced and exploited the design depicted below on clothing and other similar goods and items, which infringes Plaintiff's federally registered copyright for the work titled "**Hustle Snapback Design**":



## <u>JURISDICTION AND VENUE</u>

2.     This Court has jurisdiction over this action pursuant to 15 U.S.C. §1051 *et seq.*, 15 U.S.C. Sections 1114-1116; under Section 43(a) of the Trademark Act, 15 U.S.C. §1125(a), Section 43(c) of the Trademark Act, 15 U.S.C. §1125(c), 17 U.S.C. §101, et. seq., 17 U.S.C. §501-509 and 28 U.S.C. §1367.

3.     This Court has personal jurisdiction over the Defendants because Defendants engage in continuous and significant business activities in, and directed to the State of New York

within this judicial district and because Defendants have committed tortuous acts aimed at and causing harm within the State of New York and this judicial district.

4.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because it is where Plaintiff resides and the Defendants transacts business in this district, and because a substantial portion of the events giving rise to the asserted claims have occurred, and continue to occur, within this district.  Furthermore, the damage to Plaintiff and his intellectual property described herein continues to occur in this judicial district.

## THE PARTIES

5.    Plaintiff, Robert G. Lopez is an individual residing at 230 Clinton Street, Apt. #11C, New York, NY 10002.

6.    Upon information and belief, Defendant Nike, Inc. is an Oregon Corporation with a principal place of business at One Bowerman DR, Beaverton, Oregon 97005.

7.    Upon information and belief, Defendant Wabi Sabi, Inc. is a Delaware Corporation with a principal place of business at 714 Valencia Street – San Francisco, California 94110.

8.    Upon information and belief, Defendant G&S Sporting Goods, LLC is a Delaware Limited Liability Company with a principal place of business at 336 W. 37th Street, New York, New York 10018.

9.    Upon information and belief, Defendant Biergarten Holdings Corp. is a Delaware Corporation with a principal place of business at 7 Rivington Street – Front A, New York, New York 10002.

10.    Upon information and belief, Defendant Schott Bros, Inc. is a New Jersey Corporation with a principal place of business at 735 Rahway Ave., Union, New Jersey 07083.

11.     Upon information and belief, Defendant Customink, LLC is a Delaware Limited Liability Company with a principal place of business at 2910 District Avenue, Fairfax, Virginia 22031.

12.     Upon information and belief, Defendant YNAP Corporation is a New York Corporation with a principal place of business at 100 Fifth Avenue., New York, New York 10011.

13.     Upon information and belief, Defendant StockX, LLC, is a Michigan Limited Liability Company with a principal place of business at 1046 Woodward Avenue, Detroit, Michigan 48226.

14.     Upon information and belief, Defendant Kith Retail, LLC is a New York Limited Liability Company with a principal place of business at 625 Broadway – 4th Floor, New York, New York 10012.

15.     Upon information and belief, Defendant Urban Outfitters, Inc. is a Pennsylvania corporation with a principal place of business at 5000 South Broad Street, Philadelphia, Pennsylvania 19112.

16.     Upon information and belief, Defendant Paragon Sports, LLC is a New York Limited Liability Company with a principal place of business at 867 Broadway, New York, New York 10003.

17.     Upon information and belief, Defendant Bloomingdale's, Inc. is an Ohio Corporation with a principal place of business at 1000 Third Avenue, New York, New York 10022.

18.    Upon information and belief, Defendant Nordstrom, Inc. is a Washington Corporation with a principal place of business at 1617 Sixth Avenue – Suite 600, Seattle, Washington 98101.

19.    Upon information and belief, Defendant Neiman Marcus Group, Inc. is a Texas Corporation with a principal place of business at 1618 Main Street, Dallas, Texas 75201.

20.    Upon information and belief, Defendant BOP, LLC, is a Wisconsin Limited Liability Company with a principal place of business at 1245 E Washington Avenue – Suite 300, Madison, WI 53703.

21.    Upon information and belief, Defendant Rakuten USA, Inc. is a California Corporation with a principal place of business at 800 Concar Drive – San Mateo, California 94402.

22.    Upon information and belief, Defendant Eminent, Inc. is a Delaware Corporation with a principal place of business at 12889 Moore Street – Cerritos, California 90703.

23.    Upon information and belief, Defendant Drjay's.com, Inc. is a New York Corporation with a principal place of business at 853 Broadway, New York, New York 10003.

22.    Upon information and belief, Defendant Thredup, Inc. is a Delaware Corporation with a principal place of business at 114 Sansome Street – 5th Street, San Francisco, California 94104.

23.    Upon information and belief, Defendant Duluth Holdings, Inc., is a Wisconsin Corporation with a principal place of business at 201 E Front Street, Mount Horeb, WI 53572.

24.    Upon information and belief, Defendant Abercrombie & Fitch Co., is a Delaware Corporation with a principal place of business at 6301 Fitch Path – New Albany, Ohio 43054.

25.    Upon information and belief, Defendant Merchnow, LLC is a New York Limited Liability Company with a mailing address at PO Box 38189, Albany, New York 10003.

26.    Upon information and belief, Defendant Big Cartel LLC is a Utah Limited Liability Company with a principal place of business at 362 West Pierpont Avenue, Salt Lake City, Utah.

27.    Upon information and belief, Defendant New Era Cap Co., Inc., is a New York corporation with a principal place of business at 160 Delaware Avenue, Buffalo, New York 14202.

28.    Plaintiff is ignorant to the true names of Defendant's John Doe 1 through 10. Plaintiff will amend this complaint when the true names of Does 1 through 10 are discovered. Plaintiff is informed and believes that Defendants Does 1 through 10, inclusive, are manufacturers, vendors, distributors and online retailers of clothing products illegally offered for sale using Plaintiff's trademarks and copyrights.

## FACTS

29.    Since at least as early as 1997, Plaintiff Robert G. Lopez has been selling headwear, t-shirts, sweaters, hoodies and other clothing items under the **LES NYC®, LOWER EAST SIDE™**, and **LES™** brand names.

30.    Since at least as early as 1999, Plaintiff has been independently operating a clothing business under the trade name **L.E.S. CLOTHING CO.™**, which has sold headwear, t-shirts, sweaters, hooded sweatshirts and other related clothing items under the marks **LES NYC®, LOWER EAST SIDE™** and **LES™** . Since at least as early as 2010, Plaintiff has also been selling clothing items under the mark **LOYALTY EQUALS STRENGTH™** which is an additional representation of what the **LES™** acronym stands for and represents. Since 2010 Plaintiff has also sold clothing under the mark **537™.** The numbers "**537**" turned upside down produce the letters "**LES**."

31.    In addition to selling and offering for sale clothing items under the **LOWER EAST SIDE™**, **LES NYC®**, **LES™**, **537™** and **LOYALTY EQUALS STRENGTH™** brand names, Plaintiff has also continuously sold and offered for sale various clothing items including caps, hooded sweatshirts and t-shirts which bear the **LOWER EAST SIDE™**, **LES™ 537™** and **LES NYC®** marks in various font and design styles which are prominently displayed on the front and/or back of the headwear, t-shirts and/or sweaters as well as printed on hang tags, clothing labels, stickers and on clothing product packaging materials.

32.    Plaintiff uses the **®**, **™** and **©** symbols on product packaging materials, hang tags, and on promotional materials such as flyers, banners, business cards, etc. to put the public on constructive notice that Plaintiff is claiming trademark rights in the **LOWER EAST SIDE™**, **LES™** and **LES NYC®** brand names. Plaintiff also uses the aforementioned copyright symbol to also put the public on constructive notice that he is claiming copyright in some of the specific **LOWER EAST SIDE™**, **537™**, **LES™** and **LES NYC®** stylized designs that are released, sold and offered for sale by Plaintiff and his **LES CLOTHING CO.™** business



33.    Plaintiff sells, and promotes the sale of his clothing via his website www.lesclothing.com, through social media promotions including but not limited to Instagram and Facebook, and his t-shirts, sweaters caps and other clothing items are also available for sale in several retail locations in New York and other States.  From 2012 to 2015 Plaintiff also maintained a Flagship LES Clothing Co. store located at 43 Clinton Street, New York, NY

10002 and in 2019 re-stablished a flagship location at 40 Clinton Street, New York, New York 10002.

34.    Plaintiff advertises his **LES CLOTHING CO™**, **LOWER EAST SIDE™**, **THE LOWER™**, **LES™**, **537™** and **LES NYC®** brands and clothing items through flyers, posters, stickers and through grass root street marketing methods such as painted "street murals." Plaintiff also places online advertisements via Facebook and Instagram.  Plaintiff also regularly conducts photo shoots of customers who purchase his **LOWER EAST SIDE™** and **LES NYC®** clothing items to be included in magazine advertisements and other marketing materials.

35.    Plaintiff has a social media following of over twenty thousand 20,000 combined followers for his **LOWER EAST SIDE™ LES™** and **LES NYC®** clothing products and with his sponsored and/or affiliated social media friends and followers each individual post and product offering reaches an audience in the range of a hundred thousand 100,000 social media users and potential consumers of his clothing products.

36.    The **LOWER EAST SIDE™ LES™** and **LES NYC®** brands and marks have acquired "secondary meaning" in the marketplace in connection with the sale and offering of clothing goods based on Plaintiff's continuous and long-standing use of the marks in the apparel industry for nearly twenty (20) years.

37.    When consumers of clothing products encounter the **LOWER EAST SIDE™ LES™ 537™** and **LES NYC®** marks in connection with apparel, they associate the **LES™**, **537™**, **LOWER EAST SIDE™** and **LES NYC®** marks with Plaintiff and his **LES CLOTHING CO.™** company.

38.    Plaintiff's **LOWER EAST SIDE™** and **LES NYC®** clothing products enjoys a superlative reputation in the apparel industry.

39.    Plaintiff's **LOWER EAST SIDE™**, **LES™, 537™** and **LES NYC®** clothing items have been endorsed and worn by celebrities, actors and musicians, including but not limited to actor Luis Guzman and Curtis "50 CENT" Jackson.

40.    Plaintiff's **LOWER EAST SIDE™**, **LES™** and **LES NYC®** clothing items have also appeared in movies and on television shows including but not limited to **VH1's BLACK INK CREW**, and **VH1's LOVE & HIP HOP** television shows.

41.    Plaintiff's **LOWER EAST SIDE™** and **LES NYC®** clothing items have been featured and advertised in national publications including but not limited to XXL Magazine and Don Diva Magazine.

42.    Since at least as early as 2007, Plaintiff has been building a portfolio that consists of various trademarks and copyrights that act as business assets for his **LES CLOTHING CO.™** business.

43.    Plaintiff only claims "exclusive use" rights of the **LOWER EAST SIDE™ LES™** and **LES NYC®** marks in connection with apparel and the promotion and sale thereof.

44.    Plaintiff licenses the **LOWER EAST SIDE™**, **LES™** and **LES NYC®** marks and his copyrighted **LOWER EAST SIDE©** designs to third party clothing companies to be used on clothing goods under his direct control and authorization.

45.    Plaintiff is the registered owner of New York State Trademark Registration No. R31067 and R32849 both for the mark **LOWER EAST SIDE™**. **(See Exhibit A).**

46.    Plaintiff is the registered owner of New York State Trademark Registration No. R31773 for the mark **THE LOWER™**. **(See Exhibit B).**

47.    Plaintiff is the registered owner of United States Trademark Registration No. 4,549,880 for the mark **LES NYC®** which is the abbreviation and/or acronym for the mark **LOWER EAST SIDE NEW YORK CITY™**.  (**See Exhibit C**).

48.    Plaintiff is the registered owner of United States Copyright Registration No. VA 1-765-666 for the work under the title L.E.S. Cap.  (**See Exhibit D**).

49.    Plaintiff is the registered owner of United States Copyright Registration No. VA 2-052-462 for the work under the title Circular LES Design Photo.  (**See Exhibit E**).

50.    Plaintiff is the registered owner of United States Copyright Registration No. VA 1-775-922 for the work under the title **537** design ("**the 537 numbers turned upside down spell LES™**).  (**See Exhibit F**).

51.    Plaintiff is the registered owner of United States Copyright Registration No. VA 1-818-626 for the work under the title "L Hand" Design which L design is a representation for **LES™** and **LOWER EAST SIDE™**.  (**See Exhibit G**).

52.    The mark **LOWER EAST SIDE®** is a federally registered trademark under United States Trademark Registration No. 2,416,437 that has been rendered "**incontestable**" under Section 15 of the Trademark Act and is therefore not open to challenge as to its function as a trademark and brand name as it has been in continuous use as a brand name in excess of fifteen (15) years.  (**See Exhibit H**).

53.    Plaintiff has a Co-Existence Agreement with Payless Shoesource Worldwide, Inc. who is the owner of United States Trademark Registration No. 2,416,437 for the mark **LOWER EAST SIDE®,** which allows the parties to co-exist in the marketplace and both utilize the **LOWER EAST SIDE™** mark but limits Payless's use of the mark to "**footwear**" and grants and/or limits Plaintiff's rights in the **LOWER EAST SIDE™** mark to "**t-shirts, sweaters, headwear**" and all other forms of clothing that exclude footwear.

54.     By virtue of his Co-Existence Agreement with Payless Shoesource Worldwide, Inc. regarding use of the **LOWER EAST SIDE®** mark, Plaintiff claims joint ownership in United States Trademark Registration No. 2,416,437 for the mark **LOWER EAST SIDE®** and has standing to bring this trademark infringement action under all applicable federal laws and statutes.

55.     Although Plaintiff has been using his **LOWER EAST SIDE™** and **LES NYC®** marks since at least 1997, in 2007, Plaintiff took the necessary precautions in protecting his business assets and began building a portfolio of various trademark and copyrights assets to protect the brand names, designs and images that he offers under his **LES CLOTHING CO.™** apparel business.

56.     As a small business owner, Plaintiff has aggressively policed and enforced his rights in his intellectual property business assets against clothing retailers and ecommerce entities that manufacture, print, advertise, promote, sell and/or offer for sale clothing and similar items that violate Plaintiff's trademarks and/or copyrighted designs.

57.     Defendant Nike, Inc. is a major retailer of footwear and apparel products and has flagship retail clothing stores worldwide.  Defendant Nike also distributes its footwear and clothing products through various retail clothing stores in New York and worldwide.

58.     Defendant Nike also operates an online retail clothing and footwear store via its website www.nike.com.

59.     Plaintiff is informed and believes and thereon alleges that Defendant Nike is manufacturing, marketing, promoting, advertising, selling and offering for sale a sneaker including and bearing Plaintiff's **LES™, 537™, LES NYC®** and/or **LOWER EAST SIDE™** marks.  Defendant Nike, promoted the release of the "Project 537" sneaker bearing Plaintiff's LES™, 537™ and/or LES NYC® marks on or about November of 2019 via its www.nike.com website Nike By You division.the promotion of the sneaker on the nike.com website included the Plaintiff's **LES™, 537™ LOWER EAST SIDE™** and/or **LES NYC®** marks.  Defendant Nike

also uses Plaintiff's trademark by embroidering the "537" and "LES" marks on the rear of the Nike sneaker as shown below.



60.    Defendant Nike's use of Plaintiff's **LES™, 537™** and/or **LES NYC®** trademarks has already caused confusion and is likely to continue to cause confusion as to the source of footwear and clothing products under the **537™, LES™ LOWER EAST SIDE™**, and/or **LES NYC®** marks.

61.    Defendant Nike's use of the **537™** mark on the back of its sneaker is identical to the font Plaintiff uses on his own **537™** clothing products which increases the likelihood of further confusion.

**Some of Plaintiff's products bearing the 537™ mark:**







62.    Defendant Nike's continued use of any variation of Plaintiff's **LOWER EAST SIDE™ LES™ 537™** and/or **LES NYC®** marks is likely to continue to cause confusion as to the source of apparel and footwear products under the aforementioned marks.

63.    Defendant Nike's use of Plaintiff's trademarks is not considered a fair use as it is using the marks for commercial business purposes and for a profit.

64.    Upon information and belief, Defendant Nike is aware of Plaintiff's ownership rights and trademarks in the marks **LES NYC® LES™, 537™** and **LOWER EAST SIDE™**.

65.     Defendant Nike's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is selling and offering for sale.

66.     Defendant Nike has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **LES NYC®, 537™, LES™** and **LOWER EAST SIDE™** marks.

67.     Defendant Wabi Sabi, Inc. is a retailer of clothing products and is using Plaintiff's LES NYC® and **LOWER EAST SIDE™** marks by manufacturing, printing, marketing, promoting, advertising, selling and offering for sale via its website www.selfedge.com a t-shirt bearing **LOWER EAST SIDE NEW YORK** in a circular design that is placed on the front of the t-shirt in a printed silk screen printed application. The aforementioned t-shirt printed and sold by Defendant Wabi Sabi also has a silk screen print on the back of the t-shirts that reads **LES NEW YORK, NY**. The aforementioned use by Wabi Sabi infringes and is a use in commerce of Plaintiff's **LES NYC™** and **LOWER EAST SIDE™** trademarks.

68.     Defendant Wabi Sabi's use of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under the **LOWER EAST SIDE™** and/or **LES NYC®** marks.

69.     Defendant Wabi Sabi's use of Plaintiff's trademarks is not a fair use as Wabi Sabi is using the marks for commercial business purposes and for a profit.

70.     Defendant Wabi Sabi has the ability to manage, monitor and control the infringing activity that violates Plaintiff's trademarks.

71.     Upon information and belief Defendant Wabi Sabi is aware and has knowledge of Plaintiff's ownership rights in the **LOWER EAST SIDE™** and **LES NYC®** marks.

72.    Defendant Wabi Sabi's infringement of Plaintiff's **LES NYC®** and **LOWER EAST SIDE™** trademarks is willful as it is aware of the infringing content it is selling and offering for sale from its website.

73.    Defendant Wabi Sabi has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **LES NYC®** and **LOWER EAST SIDE™** marks.

74.    Defendant G&S Sporting Goods, LLC is a retailer of apparel products and sporting goods.

75.    Defendant G&S operates an online retail clothing store via its website www.gsfightsupply.com that sells clothing goods.

76.    Plaintiff is informed and believes and thereon alleges that Defendant G&S is using Plaintiff's LES NYC™ trademark in commerce and has manufactured and is marketing, promoting and offering for sale a t-shirt and cap bearing Plaintiff's **LES NYC®** mark by placing the mark on the front of the t-shirt in a silk screen printed application and by placing Plaintiff's LES NYC™ mark on the front of the cap in an embroidered application and is selling the products via its website.

77.    Defendant G&S's use of Plaintiff's trademark has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under Plaintiff's **LES NYC®** mark.

78.    Defendant G&S's continued use of any variation of Plaintiff's **LES NYC®** mark is likely to continue to cause confusion as to the source of apparel products under the aforementioned mark.

79.    Defendant G&S's use of Plaintiff's trademarks is not considered a fair use as it is using the marks for commercial business purposes and for a profit.

17

80.     Upon information and belief, Defendant G&S is aware of Plaintiff's ownership rights and trademarks in the marks **LES NYC®** and **LOWER EAST SIDE™**.

81.     Defendant G&S's infringement of Plaintiff's **LES NYC®** trademark is willful as it is aware of the infringing content it is selling and offering for sale.

82.     Defendant G&S has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **LES NYC®** and/or **LOWER EAST SIDE™** marks.

83.     Defendant Biergarten operates an online retail clothing store via its website https://loreley-beer-garden.myshopify.com.

84.     Plaintiff is informed and believes and thereon alleges that Defendant Biergarten is manufacturing, marketing, promoting, advertising, selling and offering for sale a hoodie bearing Plaintiff's **LOWER EAST SIDE™** and **LES NYC®** marks via its website referenced in paragraph 67 above which violates Plaintiff's trademark rights in the aforementioned marks.

85.     Defendant Biergarten's use of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under the **LOWER EAST SIDE™** and/or **LES NYC®** marks.

86.     Defendant Biergarten's continued use of any variation of Plaintiff's **LOWER EAST SIDE™** and/or **LES NYC®** marks is likely to continue to cause confusion as to the source of apparel products under the aforementioned marks.

87.     Defendant Biergarten's use of Plaintiff's trademarks is not considered a fair use as it is using the marks for commercial business purposes and for a profit.

88.     Upon information and belief, Defendant Biergarten is aware of Plaintiff's ownership rights and trademarks in the marks **LES NYC®** and **LOWER EAST SIDE™**.

89.     Defendant Biergarten's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is selling and/or offering for sale.

90.     Defendant Biergarten has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **LES NYC®** and **LOWER EAST SIDE™** marks.

91.     Defendant Schott Bros. is a retailer of apparel products and has retail clothing stores in New York, California and various other states.

92.     Plaintiff is informed and believes and thereon alleges that Defendant Schott Bros. Is using Plaintiff's **LES NYC®** and **LOWER EAST SIDE™** trademarks in commerce and is manufacturing, advertising, promoting, selling and offering for sale a collection of t-shirts and other shirts that place Plaintiff's federally registered **LES NYC®** and **LOWER EAST SIDE™** on its t-shirts and other shirts which violate Plaintiff's trademark rights in the aforementioned marks.

93.     Defendant Schott Bros. use of Plaintiff's **LES NYC®** and **LOWER EAST SIDE™** trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under the **LOWER EAST SIDE™** and/or **LES NYC®** marks.

94.     Defendant Schott Bros. continued use of any variation of Plaintiff's **LOWER EAST SIDE™** and/or **LES NYC®** marks is likely to continue to cause confusion as to the source of apparel products under the aforementioned marks.

95.     Defendant Schott Bros. use of Plaintiff's trademarks is not considered a fair use as it is using the marks for commercial business purposes and for a profit.

96.     Upon information and belief Defendant Schott Bros. is aware of Plaintiff's ownership rights and trademarks in the marks **LES NYC®** and **LOWER EAST SIDE™**.

97.     Defendant Schott Bros. infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is selling and offering for sale.

98.     Defendant Schott Bros has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **LES NYC®** and **LOWER EAST SIDE™** marks.

99.     Plaintiff was been contacted by several long-standing customer of his **LES CLOTHING CO™ LOWER EAST SIDE™ THE LOWER™** and **LES NYC®** clothing products regarding the **LOWER EAST SIDE™** and **LES™** branded products that are offered and sold by each Defendant named in this action thinking the products were sponsored, affiliated and/or done in collaboration with Plaintiff and his **LES Clothing Co™** company and business.

100.    Defendant Customink owns and operates an online retail store that sells products, including but not limited to clothing items such as t-shirts and sweaters that infringe third parties intellectual property rights including Plaintiff's copyright.

101.    Defendant Customink is selling, offering for sale, promoting and advertising clothing items that infringe on Plaintiff's copyrights.

102.    Defendant Customink has exploited, copied, reproduced, sold and offered for sale, clothing items that infringe Plaintiff's Trust No One T-Shirt Design copyright from its website www.customink.com.

103.    In 2014, Plaintiff designed a t-shirt image to be offered under his **LES CLOTHING CO™**'s **LOYALTY EQUALS STRENGTH™** collection.  The design was titled and included the words "**TRUST NO ONE**" and depicted the image below:



104.    Plaintiff currently offers for sale and has been selling clothing under the Trust No One T-Shirt Design since at least 2014.

**Plaintiff's Products under this design**

 



Home   Frontpage   LES Clothing Co.™ "Trust No One" Tee



Home   Frontpage   LES Clothing Co.™ "Trust No One" Tee

LES Clothing Co.™ "Trust No One" Tee

$14.99 $30.00

LES Clothing Co.™ "Trust No One" Tee

$14.99 $30.00

105.    Plaintiff is the registered owner of United States Copyright Registration No. VA 2-068-993 for the work under the title "**Trust No One T-Shirt Design**." (**See Exhibit I**).

106.    Defendant Customink, without authorization or consent from Plaintiff has copied, reproduced, exploited, advertised, marketed, sold and offered for sale clothing items under Plaintiff's copyrighted Trust No One T-Shirt Design. A copy of the infringing design copied, reproduced and offered for sale on clothing items by Customink is depicted in the image below from the www.customink.com website:



107.    The above image, copied, reproduced, sold and offered on clothing products by Rageon copies constituent elements of Plaintiff's "Trust No One T-Shirt Design" copyright and constitutes copyright infringement.  It is an identical copy and reproduction of the design portion of Plaintiff's registered copyright.

108.    Plaintiff provided Customink with an Infringement Notice regarding his copyright that is being infringed but it failed to act expeditiously in removing the infringing content as requested by Plaintiff and as such is liable for copyright infringement.

109.    Upon information and belief, Defendant Customink has the direct control over the products sold from its website and has the ability to monitor and control the infringing activity.

110.    Upon information and belief, Defendant Customink continues to offer for sale clothing items utilizing unauthorized copies of Plaintiff's copyright image.

111.    A comparison of the above images makes it clear that the accused product is substantially similar and/or identical to the design content of Plaintiff's Trust No One T-Shirt Design.  This violates Plaintiff's copyright in his Trust No One T-Shirt Design.

112.    Defendant YNAP is a retailer of apparel products.

113.    Defendant YNAP operates an online retail clothing store via its website www.yoox.com.

114.    Plaintiff is informed and believes and thereon alleges that Defendant YNAP is using Plaintiff's **LES NYC®,** and **LES™** trademarks in commerce without Plaintiff's consent by placing Plaintiff's **LES™** mark silk screen printed on the front chest area of hoodie, sweater and other clothing items and is manufacturing, marketing, promoting, selling and offering for sale hoodies and sweaters bearing Plaintiff's **LES NYC®** and/or **LES** mark via its website www.yoox.com which violates Plaintiff's trademark rights in the aforementioned marks as shown in the images below.

 

115.    Defendant YNAP's use of Plaintiff's **LES™** and **LES NYC®** trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under Plaintiff's aforementioned trademarks.

116.    Defendant YNAP's continued use of any variation of Plaintiff's **LES NYC®** or **LES™** mark is likely to continue to cause confusion as to the source of apparel products under the aforementioned mark.

117.    Defendant YNAP's use of Plaintiff's trademarks is not considered a fair use as it is using the marks for commercial business purposes and for a profit.

118.    Upon information and belief, Defendant YNAP is aware of Plaintiff's ownership rights and trademarks in the marks **LES™**, **LES NYC®** and **LOWER EAST SIDE™**.

119.    Defendant YNAP's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is selling and offering for sale.

120.    Defendant YNAP has acted in bad faith in using Plaintiff's trademarks as it attempted to palm off the good will and reputation that Plaintiff has built in his **LES NYC®** and **LOWER EAST SIDE™** marks.

121.    Defendant StockX, Inc. is a sneaker retailer that buys and sells authentic sneakers and streetwear.

122.    Defendant StockX owns, operates and manages an online retail store that uses in commerce, Plaintiff's LES NYC™ and LES™ trademarks or a confusingly similar variation of the aforementioned marks by placing the mark LES™ in whole or in part on sneakers that it promotes, advertises, sells and offers for sale using Plaintiff's **LES™**, and/or **LES NYC®** trademarks.

123.    Defendant StockX is using Plaintiff's trademarks in commerce by promoting, advertising, selling and offering for sale sneakers and/or clothing items that place Plaintiff's **LES™,** and/or **LES NYC®** trademarks on the sneakers via its www.stockx.com website.

124.    Upon information and belief, Defendant StockX is also utilizing Plaintiff's **LES NYC®,** and/or **LES™** trademarks as a keyword in online advertising that is directing consumers looking for Plaintiff's clothing to the www.StockX.com website to purchase its footwear and clothing products instead by advertising and promoting footwear and clothing

products that include Plaintiff's **LES NYC®,** and/or **LES™** trademarks.  The aforementioned use of Plaintiff's trademarks by StockX are a "use in commerce" of Plaintiff's brand name.

125.    Defendant StockX's use in commerce of Plaintiff's **LES NYC®,** and/or **LES™** trademarks is not a fair use as StockX is using the marks for commercial business purposes and for a profit.

126.    Defendant StockX's use in commerce of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of footwear and clothing products under the **LES NYC®,** and/or **LES™** marks.

127.    Defendant StockX Inc. has the ability to manage, monitor and control the infringing activity that violates Plaintiff's **LES NYC®,** and/or **LES™** trademarks.

128.    Upon information and belief, Defendant StockX had knowledge of Plaintiff's ownership rights in the **LES NYC®,** and/or **LES™** marks and failed to implement any procedure that would prevent its sales team from uploading content or clothing and/or sneaker products that included Plaintiff's registered trademarks.

129.    Defendant StockX's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is displaying, selling and offering for sale from its www.stockx.com website.

130.    Defendant StockX acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **LES NYC®,** and/or **LES™** marks.

131.    Defendant Kith is a leading retailer of footwear and clothing.

132.    Defendant Kith owns, operates and manages various footwear and apparel stores that promote, advertise, sell and offer for sale footwear and clothing products in commerce using Plaintiff's **LES NYC®,** and/or **LES™** trademarks.

133.    Defendant Kith also operates and e-commerce store via the website www.kith.com.

134.    Defendant Kith is using Plaintiff's trademarks in commerce by promoting, advertising, selling and offering for sale sneakers and/or clothing items that place Plaintiff's **LES NYC®,** and/or **LES™** trademarks and/or a confusingly similar variation of the same on clothing and footwear products by printing and embroidering Plaintiff's **LES™** and **LES NYC®** marks in whole or in part on clothing and footwear products that it sells via its www.kith.com website and at its retail footwear and clothing stores.

135.    Defendant Kith's use in commerce of Plaintiff's trademarks is not a fair use as Kith is using the marks for commercial business purposes and for a profit.

136.    Defendant Kith's use in commerce of Plaintiff's trademarks has already caused confusion and its continued use is likely to continue to cause confusion as to the source of the clothing products under Plaintiff's **LES NYC®,** or collection of **LES™** marks.

137.    Defendant Kith has the ability to manage, monitor and control the infringing activity that violates Plaintiff's **LES NYC™** and/or **LES™** trademarks.

138.    Upon information and belief, Defendant Kith had knowledge of Plaintiff's ownership rights in the **LES NYC®** and/or **LES™** marks and failed to implement any procedure that would prevent its sales team from uploading products to its www.kith.com website or offering products at its retail stores that included Plaintiff's registered trademarks.

139.    Defendant Kith's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is displaying, selling and offering for sale from its www.kith.com website and/or that it is selling at its retail footwear and clothing stores.

140.    Defendant Kith acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **LES NYC®,** and/or **LES™** marks.

141.    Defendant Urban Outfitters, Inc. is a retailer of apparel products and has flagship retail clothing stores worldwide.

142.    Defendant Urban Outfitters, Inc. also operates an online retail clothing store via the website www.urbanoutfitters.com.

143.    Plaintiff is informed and believes and thereon alleges that Defendant Urban Outfitters, Inc. is marketing, promoting, selling and offering for sale a t-shirt bearing Plaintiff's **LES NYC®,** and/or **LES™** mark or a confusingly similar variation of the same via the website www.urbanoutfitters.com which violates Plaintiff's trademark rights in his aforementioned trademarks.

144.    Defendant Urban Outfitters use of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under the **LES™** and/or **LES NYC®** marks.

145.    Defendant Urban Outfitters continued use of any variation of Plaintiff's **LES™** and/or **LES NYC®** marks is likely to continue to cause confusion as to the source of apparel products under the aforementioned marks.

146.    Defendant Urban Outfitters use of Plaintiff's trademarks is not considered a fair use as it is using the marks for commercial business purposes and for a profit.

147.    Upon information and belief, Defendant Urban Outfitters is aware of Plaintiff's ownership rights and trademarks in the marks **LES NYC®** and **LES™**.

148.    Defendant Urban Outfitters infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is selling and offering for sale.

149.    Defendant Urban Outfitters has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **LES NYC®** and **LES™** marks.

150.    Defendant Paragon Sports is a leading retailer of footwear and apparel.

151.    Defendant Paragon owns, operates and manages a store on 18th Street and Broadway in New York City that promotes, advertises, sells and offers for sale footwear products in commerce using Plaintiff's **LES NYC®,** and/or **LES™** trademarks.

152.    Defendant Paragon also operates an e-commerce store via the website www.paragonsports.com.

153.    Defendant Paragon is using Plaintiff's trademarks in commerce by promoting, advertising, selling and offering for sale sneakers and/or clothing items that place Plaintiff's **LES NYC®,** and/or **LES™** trademarks and/or a confusingly similar variation of the same on clothing and footwear products by printing and embroidering Plaintiff's **LES™** and **LES NYC®** marks in whole or in part on clothing and footwear products that it sells via its www.paragonsports.com website and at its retail footwear and clothing store.

154.    Defendant Paragon's use in commerce of Plaintiff's trademarks is not a fair use as Paragon is using the marks for commercial business purposes and for a profit.

155.     Defendant Paragon's use in commerce of Plaintiff's trademarks has already caused confusion and its continued use is likely to continue to cause confusion as to the source of the clothing products under Plaintiff's **LES NYC®** or collection of **LES™** marks.

156.     Defendant Paragon has the ability to manage, monitor and control the infringing activity that violates Plaintiff's **LES NYC™** and/or **LES™** trademarks.

157.     Upon information and belief, Defendant Paragon had knowledge of Plaintiff's ownership rights in the **LES NYC®** and/or **LES™** marks and failed to implement any procedure that would prevent its sales team from uploading products to its www.paragonsports.com website or offering products at its retail stores that included Plaintiff's registered trademarks.

158.     Defendant Paragon's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is displaying, selling and offering for sale from its www.paragonsports.com website and/or that it is selling at its retail footwear and clothing stores.

159.     Defendant Paragon acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **LES NYC®**, and/or **LES™** marks.

160.     Defendant Bloomingdales is a retailer of footwear and clothing.

161.     Defendant Bloomingdale's owns, operates and manages various apparel stores that promote, advertise, sell and offer for sale footwear and clothing products in commerce using Plaintiff's **LES NYC®**, and/or **LES™** trademarks.

162.     Defendant Bloomingdales also operates and e-commerce store via the website www.bloomingdales.com.

163.     Defendant Bloomingdales is using Plaintiff's trademarks in commerce by promoting, advertising, selling and offering for sale sneakers and/or clothing items that place

Plaintiff's **LES NYC®,** and/or **LES™** trademarks and/or a confusingly similar variation of the same on clothing and footwear products by printing and embroidering Plaintiff's **LES™** and **LES NYC®** marks in whole or in part on clothing and footwear products that it sells via its www.bloomingdales.com website and at its retail clothing stores.

164. Defendant Bloomingdale's use in commerce of Plaintiff's trademarks is not a fair use as Bloomingdales is using the marks for commercial business purposes and for a profit.

165. Defendant Bloomingdale's use in commerce of Plaintiff's trademarks has already caused confusion and its continued use is likely to continue to cause confusion as to the source of the clothing products under Plaintiff's **LES NYC®,** or collection of **LES™** marks.

166. Defendant Bloomingdales has the ability to manage, monitor and control the infringing activity that violates Plaintiff's **LES NYC™** and/or **LES™** trademarks.

167. Defendant Bloomingdales had knowledge of Plaintiff's ownership rights in the **LES NYC®** and/or **LES™** marks and failed to implement any procedure that would prevent its sales team from uploading products to its www.bloomingdales.com website or offering products at its retail stores that included Plaintiff's registered trademarks.

168. Defendant Bloomingdale's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is displaying, selling and offering for sale from its www.bloomingdales.com website and/or that it is selling at its retail clothing stores.

169. Defendant Bloomingdales acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **LES NYC®,** and/or **LES™** marks.

170. Defendant Nordstrom is a retailer of footwear and clothing.

171.    Defendant Nordstrom owns, operates and manages various apparel stores that promote, advertise, sell and offer for sale footwear and clothing products in commerce using Plaintiff's **LES NYC®,** and/or **LES™** trademarks.

172.    Defendant Nordstrom also operates and e-commerce store via the website www.nordstrom.com.

173.    Defendant Nordstrom is using Plaintiff's trademarks in commerce by promoting, advertising, selling and offering for sale sneakers and/or clothing items that place Plaintiff's **LES NYC®,** and/or **LES™** trademarks and/or a confusingly similar variation of the same on clothing and footwear products by printing and embroidering Plaintiff's **LES™** and **LES NYC®** marks in whole or in part on sneaker products that it sells via its www.bloomingdales.com website and at its retail clothing stores.

174.    Defendant Nordstrom's use in commerce of Plaintiff's trademarks is not a fair use as Nordstrom is using the marks for commercial business purposes and for a profit.

175.    Defendant Nordstrom's use in commerce of Plaintiff's trademarks has already caused confusion and its continued use is likely to continue to cause confusion as to the source of the clothing products under Plaintiff's **LES NYC®,** or collection of **LES™** marks.

176.    Defendant Nordstrom has the ability to manage, monitor and control the infringing activity that violates Plaintiff's **LES NYC™** and/or **LES™** trademarks.

177.    Defendant Nordstrom had knowledge of Plaintiff's ownership rights in the **LES NYC®** and/or **LES™** marks and failed to implement any procedure that would prevent its sales team from uploading products to its www.nordstrom.com website or offering products at its retail stores that included Plaintiff's registered trademarks.

178.    Defendant Nordstrom's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is displaying, selling and offering for sale from its www.nordstrom.com website and/or that it is selling at its retail clothing stores.

179.    Defendant Nordstrom acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **LES NYC®,** and/or **LES™** marks.

180.    Defendant Neiman Marcus is a retailer of footwear and apparel.

181.    Defendant Neiman Marcus owns, operates and manages various apparel stores that promote, advertise, sell and offer for sale footwear and clothing products in commerce using Plaintiff's **LES NYC®,** and/or **LES™** trademarks.

182.    Defendant Neiman Marcus also operates and e-commerce store via the website www.neimanmarcus.com.

183.    Defendant Neiman Marcus is using Plaintiff's trademarks in commerce by promoting, advertising, selling and offering for sale sneakers and/or clothing items that place Plaintiff's **LES NYC®,** and/or **LES™** trademarks and/or a confusingly similar variation of the same on clothing and footwear products by printing and embroidering Plaintiff's **LES™** and **LES NYC®** marks in whole or in part on clothing and footwear products that it sells via its www.neimanmarcus.com website and at its retail clothing stores.

184.    Defendant Neiman Marcus's use in commerce of Plaintiff's trademarks is not a fair use as Neiman Marcus is using the marks for commercial business purposes and for a profit.

185.    Defendant Neiman Marcus use in commerce of Plaintiff's trademarks has already caused confusion and its continued use is likely to continue to cause confusion as to the source of the clothing products under Plaintiff's **LES NYC®,** or collection of **LES™** marks.

186.    Defendant Neiman Marcus has the ability to manage, monitor and control the infringing activity that violates Plaintiff's **LES NYC™** and/or **LES™** trademarks.

187.    Defendant Neiman Marcus had knowledge of Plaintiff's ownership rights in the **LES NYC®** and/or **LES™** marks and failed to implement any procedure that would prevent its sales team from uploading products to its www.neimanmarcus.com website or offering products at its retail stores that included Plaintiff's registered trademarks.

188.    Defendant Neiman Marcus' infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is displaying, selling and offering for sale from its www.neimanmarcus.com website and/or that it is selling at its retail clothing stores.

189.    Defendant Neiman Marcus acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **LES NYC®,** and/or **LES™** marks.

190.    Defendant BOP operates and manages an online retail stores that promotes, advertises, sell and offer for sale footwear and messenger bag products in commerce using Plaintiff's **LES NYC®,** and/or **LES™** trademarks.

191.    Defendant BOP operates its e-commerce retail store via the website www.eastdane.com.

192.    Defendant BOP is using Plaintiff's trademarks in commerce by promoting, advertising, selling and offering for sale sneakers and/or clothing items that place Plaintiff's **LES NYC®,** and/or **LES™** trademarks and/or a confusingly similar variation of the same on footwear and messenger bag products by printing and embroidering Plaintiff's **LES™** and **LES NYC®** marks in whole or in part on footwear and messenger bag products that it sells via its www.eastdane.com website and at its retail clothing stores.

193.    Defendant BOP's use in commerce of Plaintiff's trademarks is not a fair use as BOP is using the marks for commercial business purposes and for a profit.

194.    Defendant BOP's use in commerce of Plaintiff's trademarks has already caused confusion and its continued use is likely to continue to cause confusion as to the source of the clothing products under Plaintiff's **LES NYC®,** or collection of **LES™** marks.

195.    Defendant BOP has the ability to manage, monitor and control the infringing activity that violates Plaintiff's **LES NYC™** and/or **LES™** trademarks.

196.    Defendant BOP had knowledge of Plaintiff's ownership rights in the **LES NYC®** and/or **LES™** marks and failed to implement any procedure that would prevent its sales team from uploading products to its www.eastdane.com website that included Plaintiff's registered trademarks.

197.    Defendant BOP's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is displaying, selling and offering for sale from its www.eastdane.com website.

198.    Defendant BOP acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **LES NYC®,** and/or **LES™** marks.

199.    Defendant Rakuten is a retailer of apparel products.

200.    Defendant Rakuten operates an online retail clothing store via its website www.rakuten.com.

201.    Plaintiff is informed and believes and thereon alleges that Defendant Rakuten is using Plaintiff's **LES NYC®,** and **LES™** trademarks in commerce without Plaintiff's consent by placing Plaintiff's **LES™** mark silk screen printed on the front chest area of a hoodie, sweater

and other clothing items and is manufacturing, marketing, promoting, selling and offering for sale hoodies and sweaters bearing Plaintiff's **LES NYC®** and/or **LES** mark via its website www.rakuten.com which violates Plaintiff's trademark rights in the aforementioned marks as shown in the images below.

 

202.    Defendant Rakuten is also marketing, promoting, selling and offering for sale shoes under Plaintiff's **LOWER EAST SIDE™** mark via its website www.rakuten.com.

203.    Defendant Rakuten's use of Plaintiff's **LES™**, **LOWER EAST SIDE™** and/or **LES NYC®** trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under Plaintiff's aforementioned trademarks.

204.    Defendant Rakuten's continued use of any variation of Plaintiff's **LES NYC®**, **LOWER EAST SIDE™** or **LES™** marks is likely to continue to cause confusion as to the source of apparel products under the aforementioned marks.

205.    Defendant Rakuten's use of Plaintiff's trademarks is not considered a fair use as it is using the marks for commercial business purposes and for a profit.

206.    Upon information and belief, Defendant Rakuten is aware of Plaintiff's ownership rights and trademarks in the marks **LES™**, **LES NYC®** and **LOWER EAST SIDE™**.

207.    Defendant Rakuten's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is selling and offering for sale.

208.    Defendant Rakuten has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **LES™**, **LES NYC®** and **LOWER EAST SIDE™** marks.

209.    Defendant Eminent, Inc. operates and manages an online retail stores that promotes, advertises, sell and offer for sale footwear products in commerce using Plaintiff's **LES NYC®,** and/or **LES™** trademarks.

210.    Defendant Eminent operates its e-commerce retail store via the website www.revolve.com.

211.    Defendant Eminent is using Plaintiff's trademarks in commerce by promoting, advertising, selling and offering for sale sneakers and/or clothing items that place Plaintiff's **LES NYC®,** and/or **LES™**  trademarks and/or a confusingly similar variation of the same on footwear products by printing and embroidering Plaintiff's **LES™** and **LES NYC®** marks in whole or in part on footwear that it sells via its www.revolve.com website.

212.    Defendant Eminent's use in commerce of Plaintiff's trademarks is not a fair use as Eminent is using the marks for commercial business purposes and for a profit.

213.    Defendant Eminent's use in commerce of Plaintiff's trademarks has already caused confusion and its continued use is likely to continue to cause confusion as to the source of the clothing products under Plaintiff's **LES NYC®,** or collection of **LES™** marks.

214.    Defendant Eminent has the ability to manage, monitor and control the infringing activity that violates Plaintiff's **LES NYC™** and/or **LES™** trademarks.

215.    Defendant Eminent had knowledge of Plaintiff's ownership rights in the **LES NYC®** and/or **LES™** marks and failed to implement any procedure that would prevent its sales team from uploading products to its www.revolve.com website that included Plaintiff's registered trademarks.

216.    Defendant Eminent's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is displaying, selling and offering for sale from its www.revolve.com website.

217.    Defendant Eminent acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **LES NYC®,** and/or **LES™** marks.

218.    Defendant DrJays.com, Inc. is a leading retailer of footwear and apparel.

219.    Defendant DrJays.com owns, operates and manages various footwear and apparel stores that promote, advertise, sell and offer for sale footwear and clothing products in commerce using Plaintiff's **LES NYC®,** and/or **LES™** trademarks.

220.    Defendant DrJay's.com also operates and e-commerce store via the website www.drjays.com.

221.    Defendant DrJay's is using Plaintiff's trademarks in commerce by promoting, advertising, selling and offering for sale sneakers and/or clothing items that place Plaintiff's **LES NYC®,** and/or **LES™** trademarks and/or a confusingly similar variation of the same on clothing and footwear products by printing and embroidering Plaintiff's **LES™** and **LES NYC®** marks in whole or in part on clothing and footwear products that it sells via its www.drjays.com website and at its retail footwear and clothing stores.

222.    Defendant DrJay's's use in commerce of Plaintiff's trademarks is not a fair use as DrJay's.com is using the marks for commercial business purposes and for a profit.

223.    Defendant DrJay's.com's use in commerce of Plaintiff's trademarks has already caused confusion and its continued use is likely to continue to cause confusion as to the source of the clothing products under Plaintiff's **LES NYC®,** or collection of **LES™** marks.

224.    Defendant DrJay's.com has the ability to manage, monitor and control the infringing activity that violates Plaintiff's **LES NYC™** and/or **LES™** trademarks.

225.    Upon information and belief, Defendant DrJay's.com had knowledge of Plaintiff's ownership rights in the **LES NYC®** and/or **LES™** marks and failed to implement any procedure that would prevent its sales team from uploading products to its www.drjays.com website or offering products at its retail stores that included Plaintiff's registered trademarks.

226.    Defendant DrJay's.com's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is displaying, selling and offering for sale from its www.drjays.com website and/or that it is selling at its retail footwear and clothing stores.

227.    Defendant DrJay's.com acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **LES NYC®,** and/or **LES™** marks.

228.    Defendant Thredup, Inc. operates and manages an online retail store that promotes, advertises, sell and offer for sale footwear products in commerce using Plaintiff's **LOWER EAST SIDE™,** and/or **LES NYC®** trademarks.

229.    Defendant Thredup operates its e-commerce retail store via the website www.threadup.com.

230.   Defendant Thredup is using Plaintiff's trademarks in commerce by promoting, advertising, selling and offering for sale shoes that place Plaintiff's **LOWER EAST SIDE™** trademark on footwear products by printing and embroidering Plaintiff's **LOWER EAST SIDE™** mark in whole or in part on footwear that it sells via its www.thredup.com website.

231.   Defendant Thredup's use in commerce of Plaintiff's trademarks is not a fair use as Thredup is using the marks for commercial business purposes and for a profit.

232.   Defendant Thredup's use in commerce of Plaintiff's trademarks has already caused confusion and its continued use is likely to continue to cause confusion as to the source of the clothing products under Plaintiff's **LES NYC®,** or collection of **LES™** marks.

233.   Defendant Thredup has the ability to manage, monitor and control the infringing activity that violates Plaintiff's **LES NYC™** and/or **LES™** trademarks.

234.   Defendant Thredup had knowledge of Plaintiff's ownership rights in the LOWER EAST SIDE™ **LES NYC®** and/or **LES™** marks and failed to implement any procedure that would prevent its sales team from uploading products to its www.thredup.com website that included Plaintiff's registered trademarks.

235.   Defendant Thredup's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is displaying, selling and offering for sale from its www.thredup.com website.

236.   Defendant Thredup acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **LOWER EAST SIDE™**, **LES NYC®,** and/or **LES™** marks.

237.   Defendant Duluth Holdings, Inc. operates and manages an online retail store that promotes, advertises, sell and offer for sale footwear products in commerce using Plaintiff's **LOWER EAST SIDE™,** and/or **LES NYC®** trademarks.

238.    Defendant Duluth operates its e-commerce retail store via the website www.duluthtrading.com.

239.    Defendant Duluth is using Plaintiff's trademarks in commerce by promoting, advertising, selling and offering for sale shoes that place Plaintiff's **LOWER EAST SIDE™** trademark on footwear products by printing and embroidering Plaintiff's **LOWER EAST SIDE™** mark in whole or in part on footwear that it sells via its www.duluthtrading.com website.

240.    Defendant Duluth's use in commerce of Plaintiff's trademarks is not a fair use as Duluth is using the marks for commercial business purposes and for a profit.

241.    Defendant Duluth's use in commerce of Plaintiff's trademarks has already caused confusion and its continued use is likely to continue to cause confusion as to the source of the clothing products under Plaintiff's **LES NYC®,** or collection of **LES™** marks.

242.    Defendant Duluth has the ability to manage, monitor and control the infringing activity that violates Plaintiff's **LES NYC™** and/or **LES™** trademarks.

243.    Defendant Duluth had knowledge of Plaintiff's ownership rights in the **LOWER EAST SIDE™ LES NYC®** and/or **LES™** marks and failed to implement any procedure that would prevent its sales team from uploading products to its www.duluthtrading.com website that included Plaintiff's registered trademarks.

244.    Defendant Duluth's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is displaying, selling and offering for sale from its www.duluthtrading.com website.

245.    Defendant Duluth acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **LOWER EAST SIDE™**, **LES NYC®**, and/or **LES™** marks.

246.    Defendant Abercrombie & Fitch Co. is a retailer of apparel products.

247.    Defendant Abercrombie & Fitch operates various retail clothing stores.

248.    Defendant Abercrombie & Fitch also operates an online retail clothing store.

249.    Plaintiff is informed and believes and thereon alleges that Defendant Abercrombie & Fitch is using Plaintiff's **LOWER EAST SIDE™** and/or **LES NYC®** trademark in commerce without Plaintiff's consent by placing Plaintiff's **LES NYC®** mark silk screen printed on t-shirts and is manufacturing, marketing, promoting, selling and offering for sale the t-shirts bearing Plaintiff's **LOWER EAST SIDE™** and **LES NYC®** marks via its website and/or at its retail clothing stores which violate Plaintiff's trademark rights in the aforementioned marks.

250.    Defendant Abercrombie's use of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under Plaintiff's **LOWER EAST SIDE™** and/or **LES NYC®** marks.

251.    Defendant Abercrombie & Fitch's continued use of any variation of Plaintiff's **LES NYC®** mark is likely to continue to cause confusion as to the source of apparel products under the aforementioned mark.

252.    Defendant Abercrombie & Fitch's use of Plaintiff's trademarks is not considered a fair use as it is using the marks for commercial business purposes and for a profit.

253.    Upon information and belief, Defendant Abercrombie & Fitch is aware of Plaintiff's ownership rights and trademarks in the marks **LES NYC®** and **LOWER EAST SIDE™**.

254.    Defendant Abercrombie & Fitch's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is selling and offering for sale.

255.    Defendant Abercrombie & Fitch has acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **LES NYC®** and **LOWER EAST SIDE™** marks.

256.    Defendant Marchnow, LLC is a retailer of clothing products including but not limited to t-shirts and hoodies.

256.    Defendant Merchnow operates and manages an online retail store via its website www.merchnow.com that has advertised, sold and offered for sale clothing products under Plaintiff's **LOWER EAST SIDE™** and/or **LES NYC®** trademarks and the aforementioned Defendant has used Plaintiff's trademarks in commerce without Plaintiff's consent by placing the words **LOWER EAST SIDE™** on t-shirts and hoodies in silk screen printed applications directly on the t-shirts and hoodies.

257.    Defendant Merchnow's use of Plaintiff's **LOWER EAST SIDE™** trademark is not a fair use as Merchnow is using the mark for commercial business purposes and for a profit.

258.    Defendant Merchnow's use of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under the **LOWER EAST SIDE™** and/or **LES NYC®** marks.

259.    Defendant Merchnow has the ability to manage, monitor and control the infringing activity that violated Plaintiff's trademarks.

260.    Defendant Merchnow had knowledge of Plaintiff's ownership rights in the **LOWER EAST SIDE™** and **LES NYC®** marks and failed to implement any procedure that

would prevent its sales team from uploading content or designs that included Plaintiff's registered trademarks on clothing from its website www.merchnow.com .

261.    Defendant Merchnow's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is displaying, selling and offering for sale from its www.merchnow.com website.

262.    Defendant Merchnow acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **LES NYC®** and **LOWER EAST SIDE™** marks.

263.    Plaintiff Robert G. Lopez has been producing and selling caps and t-shirts and



other related clothing items under the stylized                     design and brand name since at least 2014.

264.    Since at least as early as 2014, Plaintiff began using the mark and stylized HUSTLE™ design and incorporated the aforementioned mark and design into his collection of brands offered under his company L.E.S. Clothing Co.™.

265.    Plaintiff began using his stylized "HUSTLE Design" depicted below on clothing and apparel marketing materials since 2014.

266.    Plaintiff has used the HUSTLE™ logo design on caps, t-shirts, sweaters, stickers, private labels, viral flyers and photographs depicting caps and other clothing items bearing the brand and design and photographs depicting caps and other clothing items bearing the stylized HUSTLE design are used for social media promotions on platforms such as Instagram®, Facebook®, Twitter and on Plaintiff's website homepage www.lesclothing.com.

267.    Plaintiff has had his caps and other clothing items bearing his stylized HUSTLE design in various clothing retail stores in New York City, New Jersey, Connecticut and in various other States as shown below:







♡ ⃝ ↗

♥ 66 likes

**lesclothingco** #LES™GO #LESClothingCo
#HeadWear #exclusives on deck @colfaxandbale
#WeWorking #Spring #Summer fresh - - snatch yours
asap #LoyaltyEqualsStrength is the #Brand and the
#Movement #NewYorkCity #Urban #StreetWear
#Enterprise straight out the #LowerEastSide
#LeSNyC #LES Get It - - daily #Grind and #HUSTLE
status 🙌🙌🙌🙌🙌

**tarzanmountainandsandman** 🙌

**sir_global** Super!

APRIL 29, 2015

268.    Plaintiff's caps and other clothing items bearing his "Hustle Snapback Design" logo have been worn by "superstar" musical recording artists and actors including but not limited to rapper Prodigy of MOBB DEEP®, rapper Lil Cease of Christopher "NOTORIOUS BIGGIE SMALLS" Wallace rap group Junior Mafia actor MTV and BET journalist Shaheem Reid.

 



269.    In March of 2015, Plaintiff began promoting the above design on caps and began exploiting and publishing photographs with the stylized HUSTLE™© design on caps and other clothing items on his "LES TEEZ" Facebook® page which has thousands and followers and began selling and offering for sale clothing items bearing the design via Plaintiff's website www.lesclothing.com and in other ways customary in the clothing business of selling and publishing photographs to showcase your products and clothing designs.

270.    Plaintiff is the registered owner of United States Copyright Registration No. VA 1-953-886 for the Hustle Snapback Design.  (**See Exhibit J**).

271.    Plaintiff is the owner of New York State Trademark Registration No. R32911 for the stylized HUSTLE™ mark.  (**See Exhibit K**).

272.    Defendant BigCartel manages and operates an online retail clothing store platform that hosts, exploits and publishes photographs and other images of clothing products.

273.    Plaintiff provided Defendant BigCartel with an infringement notice regarding his HUSTLE© design.

274.    Plaintiff is informed and believes and thereon alleges that Defendant BigCartel is hosting, exploiting and publishing images and designs and began marketing, selling, offering for sale clothing under Plaintiff's copyrighted Hustle Snapback Design and trademark in violation of Plaintiff's trademark rights and copyrights.

275.    The Defendants use of Plaintiff's copyrighted and trademarked design was done without Plaintiff's authorization or consent.

276.    Defendants use of Plaintiff's intellectual property was for commercial gain and profit and is not covered under the fair use doctrine.

277.    One of the cap design images and photographs copied, published and exploited by Defendants in the offering for sale of clothing by Defendants is an exact and identical replication and copy of Plaintiff's Hustle Snapback Design that is also used by Plaintiff on clothing (**See Exhibit L**).

278.    Defendants' use of Plaintiff's trademarks and/or copyrights has already caused instances of actual confusion in the marketplace and Defendants use of said Hustle Snapback Design was done without consent or permission by Plaintiff.

279.    Defendant New Era Cap Co., Inc. ("New Era"), is one of the largest headwear retailers in the world and operates a headwear clothing business at www.neweracap.com and from various retail locations worldwide.

280.    Upon information and belief, Defendant New Era is manufacturing, producing, marketing, promoting, selling and offering for sale a cap bearing Plaintiff's **Hustle Design** from the Game Time retail store located at 5508 Pacific Avenue, Tacoma, WA 98408 as shown in the image below:

281.    The Design offered for sale by Defendants New Era and Cap City are a substantial replication and copy of Plaintiff's **Hustle Design** as used in connection with clothing and copies constituent elements of Plaintiff's copyright and brand identity image.

**Plaintiff's Caps and Clothing Items under the "HUSTLE" Design**



**Defendant New Era Product that copies Plaintiff's HUSTLE Design**

 **hustle.vet**
The Game Time Store                                    • • •



282.    Upon information and belief, Defendant New Era had knowledge of Plaintiff's ownership rights in the **Hustle Design** and mark and has acted in bad faith in adopting Plaintiff's **Hustle Design** on clothing items to palm of the good will and reputation Plaintiff has built in the **Hustle Design** as used on clothing.

283.    Plaintiff's was in a trademark related dispute with New Era in both 2007, 2008 and in 2019 over New Era's use of Plaintiff's **LOWER EAST SIDE™** and **THE LOWER™**

50

trademarks and are aware of Plaintiff's intellectual property rights in the brands and designs he releases under his clothing business.

284.    Defendants New Era's use of Plaintiff's copyright and brand identity image has already caused instances of actual confusion in the marketplace and New Era's use of said **HUSTLE Design** was done without consent or permission by Plaintiff.

## FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT (15 U.S.C. §§ 1114-1116)

285.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 284 of this Complaint.

286.    The use in commerce by Defendants of an identical and slightly identical version of Plaintiff's registered trademark is likely to cause confusion, mistake and deception among members of the public and in trade as to the source, origin, or sponsorship of defendants' goods and services.  Such use by Defendants constitutes a clear and direct infringement of Plaintiff's rights in and to Plaintiff's registered trademark, and has resulted in injury and damage to Plaintiff that will continue if Defendants are not ordered to cease all use of the **LES NYC®** and **LOWER EAST SIDE™** marks.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)

287.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 286 of this Complaint.

288.    Plaintiff has the exclusive right to market, brand and provide clothing related goods using the **LES NYC®, 537™, LES™** and **LOWER EAST SIDE™** marks.

289.     Defendants Nike, Wabi Sabi, G&S, Biergarten, and Schott Bros. by reason of the aforementioned acts, have falsely described, represented and designated the origin of its goods and services.  Defendants' activities already have confused the public into believing that the aforementioned Defendants and Plaintiff's clothing goods and accessories come from one and the same source, and Defendants continued activities are likely to create further confusion and deceive the public concerning the source of the goods/services.

290.     Defendants have unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined by this Court.

291.     By reason of Defendants willful acts conducted in conscious disregard for Plaintiff's rights, Plaintiff is entitled to treble damages under 15 U.S.C. § 1117(a).

## THIRD CAUSE OF ACTION
## COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

292.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 291 of this Complaint.

293.     Defendants conduct constitutes deception by which Defendants goods will be palmed off as those of Plaintiff.  Such conduct constitutes trademark infringement and unfair competition in violation of the laws of the State of New York.

294.     Defendants Nike, Wabi Sabi, G&S, Biergarten and Schott Bros. unauthorized use of Plaintiff's **LOWER EAST SIDE™, LES™, 537™** and **LES NYC®** marks is likely to continue to cause further confusion to the public as to the clothing goods and accessories of the respective parties.

295.    By reason of the foregoing, Defendants have infringed and continues to infringe on Plaintiff's common law rights in the **LOWER EAST SIDE™** and **LES NYC®** marks and Defendants have become unjustly enriched by such acts of infringement.

296.    Defendants unlawful conduct has been and will continue to be willful or willfully blind to Plaintiff's rights, as Defendant has reason to know of Plaintiff's rights.

## FOURTH CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### (against Defendant CustomInk, BigCartel and NewEra only)

297.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 296 of this Complaint.

298.    Plaintiff is the creator, author, and owner of all rights of copyright in and to the Trust No One T-Shirt Design and Hustle Design.

299.    Plaintiff acquired copyright protection in the Trust No One T-Shirt Design in 2017 but has been utilizing the design and created the design in 2014.

300.    Defendant's CustomInk without authorization of Plaintiff as the owner of all rights of copyright in the Trust No One T-Shirt Design, and in violation of 17 U.S.C. §§101 et seq., has intentionally and willfully copied, distributed, and publicly displayed and sold and/or offered for sale, a sweater and shorts that include a design that is identical or in the least, substantially similar to the Plaintiff's copyrighted Trust No One T-Shirt Design, that is used on his clothing items.  Defendant's BigCartel and New Era without authorization or consent copied Plaintiff's Hustle Design.

301.    Defendant's CustomInk, BigCartel and New Era's actions constitute copyright infringement and have caused and will continue to cause Plaintiff irreparable harm and injury unless enjoined by this Court.

302. By reason of Defendants Customink, Bigcartel and New Era infringement of Plaintiff's copyright in his Trust No One T-Shirt Design and Hustle Design in connection with clothing, the aforementioned Defendants have derived revenues and profits attributable to said infringement, the amount of which has yet to be ascertained.

303. Defendant's infringement of Plaintiff's copyright in the Trust No One T-Shirt Design, was committed "willfully" as that term is used in 17 U.S.C. §504(c)(2). At all times mentioned herein, and upon information and belief, Defendant was aware of, and had reason to believe, that its acts constituted infringement of Plaintiff's copyrights.

## FIFTH CAUSE OF ACTION
## UNJUST ENRICHMENT

304. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 303 of this Complaint.

305. Defendants have unjustly retained profits from the sale of clothing goods and accessories bearing Plaintiff's **LOWER EAST SIDE™, 537™** and/or **LES NYC®** marks and Plaintiff's Trust No One T-shirt design and Hustle Design.

306. Defendant's actions constitute unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1. Entry of an order and judgment requiring that all Defendants, its subsidiaries, officers, agents, servants, employees, owners, and representatives, and all other persons or entities in active concert or participation with them, be preliminarily and, thereafter, permanently enjoined and restrained from (a) using in any manner the trade name, trademark, domain name or other indicia or origin, including in whole or part the term **LOWER EAST SIDE™, 537™ LES**

NYC®, or any colorable imitation thereof; (b) advertising, operating a website, using business stationary or offering any goods or services using the trade name, trademark, domain name, URL, or any other indicia of origin including in whole or part the term **LES NYC®**, or any colorable imitation thereof; (c) otherwise engaging in any acts of unfair competition and infringement which tend to injure Plaintiff's rights in the **LES NYC®** mark.

2.    That Defendants be required to account to Plaintiff for any and all profits derived by it, and to compensate Plaintiff for all the damages sustained by reason of the acts complained of herein, and that the damages herein be trebled pursuant to the Trademark Act.

3.    That Defendants be ordered to deliver up for destruction any and all infringing materials bearing the **LOWER EAST SIDE™** and **LES NYC®** marks, and any colorable imitation thereof, in whole or part.

4.    That Plaintiff be awarded punitive damages.

5.    That Defendants be required to place advertisements or send notifications to past and present customers that it improperly has been using the **LOWER EAST SIDE™** and/or **LES NYC®** marks.

6.    That Plaintiff be awarded statutory damages in the amount of $500,000.00 for Defendants acts of willful infringement.

7.    That Plaintiff be awarded statutory damages against Rageon in the amount of $1,000,000.00 for Defendant Rageon's acts of willful infringement of Plaintiff's copyright.

8.    That Plaintiff be awarded the cost and disbursements of this action.

9.    That Plaintiff have such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.


Dated: March 5, 2020
       New York, New York

Respectfully submitted,
Robert G. Lopez – Pro Se


Robert G. Lopez
Pro Se Plaintiff
230 Clinton Street – Apt. #11C
New York, New York 10002
(917) 868-1698

**EXHIBIT A**

# New York State Department of State
## Certificate of Trademark Registration

*I Daniel E. Shapiro, Special Deputy Secretary of State, do certify that the Trademark described below and depicted on the attached copy has been duly registered in this Department pursuant to Article 24 of the General Business Law. This registration will remain in force for TEN years from the Date of Registration.*

**Registration Number:**    R31067

**Registration Date:**    06/06/07

**Applicant:**    **ROBERT G. LOPEZ**
230 CLINTON STREET APT. #11C
NEW YORK                    NY      10002-

**State of Incorporation or Partnership Organization:**

**Class Numbers:**    25

**Date First Used in NYS:**    12/1999

**Date First Used Anywhere**    12/1999

**Trademark Description:**
LOWER EAST SIDE

The mark is comprised of the words "Lower East Side" In stylized letters with an underline and overline.

**Description of Goods:**    *Clothing, namely, T-shirts, Hooded Sweatshirts, Vest, Hats and Caps as adopted from the USPTO.*

**WITNESS** my hand and the seal of the State of New York In the City of Albany on this:

Thursday, August 16, 2007

by:



**Special Deputy Secretary of State**

DOS-690 (Rev. 3/01)

# *New York State Department of State*
# *Certificate of Trademark Registration*

*I, Anthony Giardina, Executive Deputy Secretary of State, do certify that the Trademark described below and depicted on the attached copy has been duly registered in this Department pursuant to Article 24 of the General Business Law. This registration will remain in force for TEN years from the Date of Registration.*

**Registration Number:**     R32849                   **Registration Date:**     08/09/16

**Applicant:**          **ROBERT G. LOPEZ**
                  *230 CLINTON ST. - APT. 11C*
                  *NEW YORK*                  *NY*     *10002-*

**State of Incorporation or
Partnership Organization:**

**Class Numbers:**       25

**Date First Used in NYS:**     12/01/1999        **Date First Used Anywhere:**     12/01/1999

**Trademark Description:**
The mark is comprised of the words LOWER EAST SIDE without claim to any particular font, style or design.

**Description of Goods:**        Clothing, namely; t-shirts, sweaters, shorts and headwear.

                    **WITNESS** *my hand and the seal of the State of New York In
                    the City of Albany on this:*

                    *Thursday, August 11, 2016*

                    *by:*

                    **Executive Deputy Secretary of State**

                    **DOS-690 (Rev. 8/13)**

**EXHIBIT B**

# *New York State Department of State*
# *Certificate of Trademark Registration*

*I Daniel E. Shapiro, Special Deputy Secretary of State, do certify that the Trademark described below and depicted on the attached copy has been duly registered in this Department pursuant to Article 24 of the General Business Law. This registration will remain in force for TEN years from the Date of Registration.*

| | | | |
|---|---|---|---|
| **Registration Number:** | R31773 | **Registration Date:** | *11/22/10* |
| **Applicant:** | **ROBERT G. LOPEZ** | | |
| | *230 CLINTON ST. - APT #11C* | | |
| | *NEW YORK* | *NY    10002-* | |

**State of Incorporation or Partnership Organization:**

**Class Numbers:**        *25*

**Date First Used in NYS:**    *03/00/08*        **Date First Used Anywhere:**    *03/00/08*

**Trademark Description:**

*The mark is comprised of the words "THE LOWER" with five stars appearing beneath the literal element of the mark.*

**Description of Goods:**        *Clothing, namely; T-shirts, hooded sweatshirts and caps.*

**WITNESS** *my hand and the seal of the State of New York in the City of Albany on this:*

*Monday, November 22, 2010*

*by:*

*Special Deputy Secretary of State*

*DOS-690 (Rev. 3/01)*

**EXHIBIT C**

# United States of America
## United States Patent and Trademark Office

# LES NYC

**Reg. No. 4,549,880**
**Registered June 17, 2014**

LOPEZ, ROBERT G. (UNITED STATES INDIVIDUAL)
230 CLINTON STREET - APT. #11C
NEW YORK, NY 10002

**Int. Cl.: 25**

FOR: BASEBALL CAPS AND HATS; HOODED SWEATSHIRTS; SHORT-SLEEVED OR LONG-SLEEVED T-SHIRTS; T-SHIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

**TRADEMARK**

FIRST USE 12-0-1999; IN COMMERCE 12-0-1999.

**PRINCIPAL REGISTER**

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SEC. 2(F).

SER. NO. 85-335,314, FILED 6-1-2011.

ALICE BENMAMAN, EXAMINING ATTORNEY



Deputy Director of the United States
Patent and Trademark Office

**EXHIBIT D**

Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code,*
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Acting Register of Copyrights, United States of America

**Registration Number**

**VA 1-765-666**

**Effective date of
registration:**

January 20, 2011

---

## Title
**Title of Work:** L.E.S. Cap

## Completion/Publication
**Year of Completion:** 2011

**Date of 1st Publication:** January 20, 2011        **Nation of 1st Publication:** United States

## Author
■        **Author:** Robert G. Lopez

**Author Created:** photograph(s)

**Work made for hire:** No

**Citizen of:** United States        **Domiciled in:** United States

**Year Born:** 1976

## Copyright claimant
**Copyright Claimant:** Robert G. Lopez

230 Clinton Street, New York, NY, 10002, United States

## Certification
**Name:** Robert G. Lopez

**Date:** January 20, 2011

---

**Correspondence:** Yes

**EXHIBIT E**

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Kayn Leegle Claggett*

Acting United States Register of Copyrights and Director

**Registration Number**

**VA 2-052-462**

**Effective Date of Registration:**
June 15, 2017

---

## Title

**Title of Work:**  Circular LES Design Photo

## Completion/Publication

**Year of Completion:**  2012
**Date of 1st Publication:**  March 20, 2012
**Nation of 1st Publication:**  United States

## Author

- **Author:**  Robert G Lopez
**Author Created:**  photograph
**Citizen of:**  United States

## Copyright Claimant

**Copyright Claimant:**  Robert G Lopez
230 Clinton Street, Apt. #11C, New York, NY, 10002, United States

## Certification

**Name:**  Robert G. Lopez
**Date:**  June 15, 2017

**EXHIBIT F**

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-775-922

**Effective date of
registration:**

June 1, 2011

---

## Title

**Title of Work:** 537 Design

## Completion/Publication

**Year of Completion:** 2010

**Date of 1st Publication:** December 15, 2010    **Nation of 1st Publication:** United States

## Author

**Author:** Thomas Riley

**Author Created:** 2-D artwork

**Work made for hire:** Yes

**Citizen of:** United States    **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Robert G. Lopez

230 Clinton Street - #11C, New York, NY, 10002, United States

**Transfer Statement:** By written agreement

## Certification

**Name:** Robert G. Lopez

**Date:** June 1, 2011

---

**EXHIBIT G**

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-818-626

**Effective date of
registration:**

April 21, 2012

---

## Title

**Title of Work:** "L Hand" Design

## Completion/Publication

**Year of Completion:** 2012

**Date of 1st Publication:** April 19, 2012          **Nation of 1st Publication:** United States

## Author

■       **Author:** Robert G Lopez

**Author Created:** photograph(s)

**Work made for hire:** No

**Citizen of:** United States          **Domiciled in:** United States

**Year Born:** 1976

## Copyright claimant

**Copyright Claimant:** Robert G. Lopez

230 Clinton Street - #11C, New York, NY, 10002, United States

## Certification

**Name:** Robert G. Lopez

**Date:** April 21, 2012

---

**EXHIBIT H**

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Fri Jun 2 02:21:45 EDT 2017*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST

NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

Logout | Please logout when you are done to release system resources allocated for you.

Start | List At: [          ] OR Jump to record: [          ] **Record 26 out of 29**

TSDR | ASSIGN Status | TTAB Status *( Use the "Back" button of the Internet Browser to return to TESS)*

# LOWER EAST SIDE

| | |
|---|---|
| **Word Mark** | LOWER EAST SIDE |
| **Goods and Services** | IC 025. US 022 039. G & S: Footwear. FIRST USE: 19990616. FIRST USE IN COMMERCE: 19990616 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 75652553 |
| **Filing Date** | March 3, 1999 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | November 30, 1999 |
| **Registration Number** | 2416437 |
| **International Registration Number** | 1220106 |
| **Registration Date** | December 26, 2000 |
| **Owner** | (REGISTRANT) PAYLESS SHOESOURCE WORLDWIDE, INC. CORPORATION KANSAS Jayhawk Towers 700 SW Jackson Topeka KANSAS 66603 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | ROBERT CARROLL |
| **Prior Registrations** | 1795922 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20110108. |
| **Renewal** | 1ST RENEWAL 20110108 |

**EXHIBIT I**

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Kayın Eriyle Clagett*

Acting United States Register of Copyrights and Director

**Registration Number**

## VA 2-068-993

**Effective Date of Registration:**
January 21, 2017

---

## Title

**Title of Work:**    Trust No One T-Shirt Design

## Completion/Publication

**Year of Completion:**    2014
**Date of 1st Publication:**    October 20, 2015
**Nation of 1st Publication:**    United States

## Author

- **Author:**    Robert G Lopez
  **Author Created:**    2d artwork
  **Citizen of:**    United States

## Copyright Claimant

**Copyright Claimant:**    Robert G Lopez
230 Clinton Street, Suite 11C, New York, NY, 10002, United States

## Certification

**Name:**    Robert G. Lopez
**Date:**    January 21, 2017

**Correspondence:**    Yes

**EXHIBIT J**

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-953-886

**Effective Date of Registration:**
March 18, 2015

---

### Title

**Title of Work:** Hustle Snapback Design

### Completion/Publication

**Year of Completion:** 2015
**Date of 1st Publication:** March 17, 2015
**Nation of 1st Publication:** United States

### Author

- **Author:** Robert G Lopez
  **Author Created:** photograph
  **Work made for hire:** No
  **Citizen of:** United States
  **Year Born:** 1976

### Copyright Claimant

**Copyright Claimant:** Robert G. Lopez
230 Clinton Street, Suite 11C, New York, NY, 10002, United States

### Certification

**Name:** Robert G Lopez
**Date:** March 18, 2015

Page 1 of 1

**EXHIBIT K**

# *New York State Department of State*
# *Certificate of Trademark Registration*

*I, Brendan Fitzgerald, Executive Deputy Secretary of State, do certify that the Trademark described below and depicted on the attached copy has been duly registered in this Department pursuant to Article 24 of the General Business Law. This registration will remain in force for TEN years from the Date of Registration.*

| | | | |
|---|---|---|---|
| **Registration Number:** | R32911 | **Registration Date:** | 11/4/2016 |

**Applicant:**    **ROBERT G. LOPEZ**
**230 CLINTON STREET, APT. 11C**
**NEW YORK**                      *NY*      *10002-*

**State of Incorporation or
Partnership Organization:**

**Class Numbers:**      25

**Date First Used in NYS:**    12/10/2014      **Date First Used Anywhere:**    12/10/2014

**Trademark Description:**
The mark is comprised of the word HUSTLE in a stylized font followed by a period

**Description of Goods:**      Caps and t-shirts

*WITNESS* my hand and the seal of the State of New York in
the City of Albany on this:

**Thursday, November 10, 2016**

by:

*Executive Deputy Secretary of State*

*DOS-690 (Rev. 8/13)*

**EXHIBIT L**

