UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT G. LOPEZ, an individual,

    Plaintiff,

  v.

NIKE, INC.,
WABI SABI, INC.,
G & S SPORTING GOODS, LLC,
BIERGARTEN HOLDINGS CORP.,
SCHOTT BROS., INC.,
CUSTOMINK, LLC,
YNAP CORPORATION,
STOCKX, LLC,
KITH RETAIL, LLC,
URBAN OUTFITTERS, INC.,
PARAGON SPORTS, LLC,
BLOOMINGDALES, INC.,
NORDSTROM, INC.,
NEIMAN MARCUS, INC.,
BOP, LLC,
RAKUTEN USA, INC.,
EMINENT, INC.,
DRJAY'S.COM, INC.,
THREDUP, INC.,
DULUTH HOLDINGS, INC.,
ABERCROMBIE & FITCH CO.,
MERCHNOW, LLC,
BIG CARTEL, LLC,
NEW ERA CAP CO., INC., and
Does 1-10

    Defendants.

Case No. 20-CV-00905-PGG-JLC

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT BLOOMINGDALE'S, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Bloomingdale's, Inc. ("Bloomingdale's") files this memorandum in support of its motion to dismiss the First Amended Complaint [Doc. 8] ("Complaint") filed by Plaintiff Robert G. Lopez ("Lopez") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).

## I.
## THE FIRST AMENDED COMPLAINT MUST BE DISMISSED AS TO BLOOMINGDALE'S BECAUSE THE COMPLAINT VIOLATES RULE 8(a)

The U.S. Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The court "begin[s] by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. For any well-pleaded allegations, the court should assume their veracity and "determine whether they plausibly give rise to an entitlement of relief." *Id.* at 679. The plausibility principle does not convert the Rule 8(a)(2) notice pleading standard to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id.* at 678. The plaintiff must "plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (quoting FED. R. CIV. P. 8(a)(2)).

"Even in a *pro se* case, … 'although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (citation omitted). "In order to comply

with Rule 8, '[a] complaint should offer 'specification' as to the 'particular activities by any particular defendant…'" *Harris v. NYU Langone Med. Ctr.*, No. 12-0454, 2013 U.S. Dist. LEXIS 99328, *26 (S.D.N.Y. July 9, 2013) (citation omitted).

The Complaint appears to allege four claims for relief against Bloomingdale's: (1) direct trademark infringement under the Lanham Act, 15 U.S.C. §§ 1114-1116; (2) unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a); (3) trademark infringement and unfair competition under New York law; and (4) unjust enrichment under New York law. Complaint [Doc. 8] ¶¶ 285-296, 304-306.

The Complaint does not satisfy Rule 8's pleading requirements because it does not specify the particular actions by Bloomingdale's that allegedly subject Bloomingdale's to liability for each of Lopez's asserted claims for relief. Indeed, the Complaint alleges hardly any facts about Bloomingdale's at all, and none of the few facts alleged support liability for any of the claims for relief. Complaint ¶¶ 160-169.

**A.** **Lopez's Claims for Federal Trademark Infringement and Federal Unfair Competition/False Designation of Origin (First and Second Causes of Action) Must Be Dismissed**

For his direct trademark infringement and unfair competition/false designation of origin claims under the Lanham Act, Lopez must plead facts showing (i) he owns a valid mark entitled to protection under the Lanham Act (ii) that Bloomingdale's used in commerce (iii) without Lopez's consent (iv) in connection with the sale or advertising of goods or services. *Lopez v. Bonanza.com, Inc.*, No. 17-8493, 2019 U.S. Dist. LEXIS 170715, *14 (S.D.N.Y. Sept. 30, 2019). Lopez also must plead facts showing that Bloomingdale's use of the mark is likely to cause consumers confusion as to the origin or sponsorship of the goods or services. *Id.* To show "use" with respect to the sale of goods, Lopez must show that Bloomingdale's "(1) 'placed [the mark] in any manner on the goods . . . and (2) the goods are sold or transported in commerce.'" *Id.* at

2

*15 (citation omitted). However, the mere assertion of Lanham Act violations, "without any factual allegations of the nature of the infringement, simply does not give defendants fair notice of the claims against them." *Id.* at *26.

The Complaint fails to comply with Rule 8(a) because instead of presenting facts to support Lopez's claims against Bloomingdale's, the Complaint only makes conclusory allegations:

- "Defendant Bloomingdale's owns, operates and manages various apparel stores that promote, advertise, sell and offer for sale footwear and clothing products in commerce using Plaintiff's **LES NYC®**, and/or **LES**™ trademarks." Complaint ¶ 161.

- "Defendant Bloomingdale's is using Plaintiff's trademarks in commerce by promoting, advertising, selling and offering for sale sneakers and/or clothing items that place Plaintiff's **LES NYC®**, and/or **LES**™ trademarks and/or a confusingly similar variation of the same on clothing and footwear products by printing and embroidering Plaintiff's **LES**™ and **LES NYC®** marks in whole or in part on clothing and footwear products that it sells via its www.bloomingdales.com website and at its retail clothing stores." Complaint ¶ 163.

- "Defendant Bloomingdale's use in commerce of Plaintiff's trademarks is not a fair use as Bloomingdales is using the marks for commercial business purposes and for a profit." Complaint ¶ 164.

- "Defendant Bloomingdale's use in commerce of Plaintiff's trademarks has already caused confusion and its continued use is likely to continue to cause confusion as to the source of the clothing products under Plaintiff's **LES NYC®,** or collection of **LES**™ marks." Complaint ¶ 165.

- "Defendant Bloomingdales has the ability to manage, monitor and control the infringing activity that violates Plaintiff's **LES NYC**™ and/or **LES**™ trademarks." Complaint ¶ 166.

- "Defendant Bloomingdales had knowledge of Plaintiff's ownership rights in the **LES NYC®** and/or **LES**™ marks and failed to implement any procedure that would prevent its sales team from uploading products to its www.bloomingdales.com website or offering products at its retail stores that included Plaintiff's registered trademarks." Complaint ¶ 167.

- "Defendant Bloomingdale's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is displaying, selling and offering for sale from its www.bloomingdales.com website and/or that it is selling at its retail clothing stores." Complaint ¶ 168.

3

- "Defendant Bloomingdales acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **LES NYC®,** and/or **LES**<sup>TM</sup> marks." Complaint ¶ 169.

The Complaint fails to plead any facts supporting these conclusory allegations. For example, the Complaint fails to plead facts establishing that LES<sup>TM</sup> is a valid mark entitled to protection under the Lanham Act (or any other law). *Lopez v. Bigcommerce, Inc.*, No. 16-8970, 2017 U.S. Dist. LEXIS 120842, *9 (S.D.N.Y. Aug. 1, 2017) (dismissing Lopez's Lanham Act claim because the mark at issue was not federally registered). The Complaint also fails to provide any facts, details, or descriptions about Bloomingdale's purported promotion, advertisement, sale, or offering for sale of any items with either the LES NYC® or LES<sup>TM</sup> trademarks. *Lopez v. Bonanza.com*, 2019 U.S. Dist. LEXIS 170715, *27 (holding Lopez's failure to identify the retail defendants' allegedly infringing products was "fatal to his claims."). The Complaint also fails to plead facts showing that a likelihood of confusion exists. *Public Free Will Corp. v. Verizon Commc'ns, Inc.*, No. 15-6354, 2017 U.S. Dist. LEXIS 39168, *11-13 (E.D.N.Y. Mar. 17, 2017) (dismissing trademark infringement claim because the plaintiff failed to present facts supporting a likelihood of confusion). Such conclusory allegations unsupported by facts "fail[] even the liberal standard of Rule 12(b)(6)." *Dow Jones & Co. v. Int'l Sec. Exch., Inc.*, 451 F.3d 295, 307 (2d Cir. 2006). *See also Lopez v. Bonanza.com*, 2019 U.S. Dist. LEXIS 170715, *27-28. Accordingly, Lopez's claims for trademark infringement and unfair competition/false designation of origin under the Lanham Act (the first and second causes of action) must be dismissed.

**B.     Lopez's Common Law Trademark Infringement and Unfair Competition Claim (Third Cause of Action) Must Be Dismissed**

It is unclear whether Lopez is asserting this claim against Bloomingdale's because the Complaint uses the vague and collective term "Defendants" (Complaint ¶¶ 293, 295-296) while

also naming specific defendants that do not include Bloomingdale's (Complaint ¶ 294).

If Lopez is asserting this claim against Bloomingdale's, the claim must be dismissed under Rule 12(b)(6) because it collectively lumps all the defendants together, which is not permissible under Rule 8. As noted above, to comply with Rule 8, a complaint must specify the particular activities by each defendant. *Harris*, 2013 U.S. Dist. LEXIS 99328, *26. Rule 8(a) "'requires that a complaint against multiple defendants indicate clearly the defendants against whom relief is sought and the basis upon which the relief is sought against the particular defendants.'" *Id.* (citing *Martin v. City of New York*, No. 07-7384, 2008 U.S. Dist. LEXIS 33946, *3 (S.D.N.Y. Apr. 23, 2008)). *See also In re Zinc Antitrust Litig.*, 155 F.Supp.3d 337, 384 (S.D.N.Y. 2016) ("Plaintiffs must be able to separately state a claim against each and every defendant joined in this lawsuit."). "'Rule 8(a) is violated where a plaintiff, by engaging in group pleading, fails to give each defendant fair notice of the claims against it.'" *Laboratorios Rivas, SRL v. Ugly & Beauty, Inc.*, No. 11-5980, 2013 U.S. Dist. LEXIS 161188, *15 (S.D.N.Y. Nov. 12, 2013). *See also Amiron Dev. Corp. v. Sytner*, No. 12-3036, 2013 U.S. Dist. LEXIS 47033, *15-16 (E.D.N.Y. Mar. 29, 2013) (holding "'group pleading' fails to give each defendant fair notice of the claims against it" and "thus, fails to satisfy [] the notice-pleading requirements of Rule 8"). Lopez has previously been advised that lumping defendants together is not permissible under Rule 8. *Lopez v. Bonanza.com*, 2019 U.S. Dist. LEXIS 170715, *21 n.20, *41, *61 n.32. Because Lopez's claim for common law trademark infringement and unfair competition lumps the defendants together and does not specify the relief sought against each defendant, that claim must be dismissed.

Lopez's common law trademark infringement and unfair competition claim also must be dismissed because his Lanham Act claims are subject to dismissal. *Lopez v. Bonanza.com*, 2019

U.S. Dist. LEXIS 170715, *39 (dismissing Lopez's common law trademark infringement and unfair competition claim because his Lanham Act claims were dismissed); *Lopez v. Bigcommerce*, 2017 U.S. Dist. LEXIS 120842, *9 (same).

### C. Lopez's Unjust Enrichment Claim (Fifth Cause of Action) Must Be Dismissed

Lopez's unjust enrichment claim also violates Rule 8(a) and must be dismissed. The theory of unjust enrichment "lies as a quasi-contract claim and contemplates an obligation to prevent injustice, in the absence of an actual agreement between the parties." *Lopez v. Bonanza.com*, 2019 U.S. Dist. LEXIS 170715, *40 (citing *Lopez v. Bigcommerce*, 2017 U.S. Dist. LEXIS 120842, *11). However, there "are no indicia of an enrichment that was unjust where the pleadings fail[] to indicate a relationship between the parties that could have caused reliance or inducement." *Id.* at *41. Just as in *Lopez v. Bonanza.com* and *Lopez v. Bigcommerce*, Lopez "does not allege any connection or relationship to" Bloomingdale's "that could have caused any reliance or inducement." *Id.*; *Lopez v. Bigcommerce*, 2017 U.S. Dist. LEXIS 120842, *11. *See Cohen v. BMW Invs. L.P.*, 668 Fed. Appx. 373, 374 (2d Cir. 2016) (dismissing unjust enrichment claim because "the parties 'simply had no dealings with each other.'"). Accordingly, the Complaint fails to state a valid unjust enrichment claim and that claim must be dismissed.

Lopez's unjust enrichment claim also must be dismissed because the claim impermissibly lumps the defendants together and does not specify the relief sought against each defendant, which violates Rule 8. *Lopez v. Bonanza.com*, 2019 U.S. Dist. LEXIS 170715, *41.

## II.
## CONCLUSION

As shown herein, the Complaint fails to plead facts sufficient to support Lopez's claims against Bloomingdale's. Accordingly, the Complaint fails to comply with Rule 8(a) and should be dismissed with prejudice as to Bloomingdale's.

6

Dated: March 26, 2020             Respectfully submitted,

                                  By:    *s/ Aahren DePalma*
                                         Aahren DePalma, Esq.
                                         MACY'S LAW DEPARTMENT
                                         11477 Olde Cabin Road, Suite 400
                                         St. Louis, MO 63141
                                         T: (314) 342-6454
                                         Email: aahren.depalma@macys.com

                                         *Attorneys for Defendant Bloomingdale's, Inc.*