IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT G. LOPEZ, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 20 CV 00905 |
| ) | |
| NIKE, INC., ) | |
| WABI SABI, INC., ) | |
| G&S SPORTING GOODS, LLC, ) | |
| BIERGARTEN HOLDINGS CORP., ) | |
| SCHOTT BROS, INC., ) | |
| CUSTOMINK, LLC, ) | |
| YNAP CORPORATION, ) | |
| STOCKX, LLC, ) | |
| KITH RETAIL, LLC, ) | |
| URBAN OUTFITTERS, INC., ) | |
| PARAGON SPORTS, LLC, ) | |
| BLOOMINGDALES, INC., ) | |
| NORDSTROM, INC., ) | |
| NEIMAN MARCUS, INC. ) | |
| BOP, LLC, ) | |
| RAKUTEN USA, INC., ) | |
| EMINENT, INC., ) | |
| DRJAY'S.COM, INC., ) | |
| THREDUP, INC., ) | |
| DULUTH HOLDINGS, INC., ) | |
| ABERCROMBIE & FITCH CO., ) | |
| MERCHNOW, LLC, ) | |
| BIG CARTEL, LLC, ) | |
| NEW ERA CAP CO., INC., and ) | |
| Does 1-10 ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OF LAW IN OPPOSITION OF DEFENDANT BLOOMINGDALE'S, INC.'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

Plaintiff, Robert G. Lopez, a Pro Se individual submits this Memorandum of Law in Opposition of Defendant Bloomingdale's Inc.'s ("Bloomingdale's") Motion to Dismiss Plaintiff's First Amended Complaint (the 'FAC").

I. **PRELMINARY STATEMENT**

Defendant Bloomingdale's is a major retailer of apparel products and has retail clothing stores worldwide. Defendant Bloomingdale's is infringing Plaintiff's intellectual property rights by printing, marketing, promoting, selling and offering for sale footwear, namely sneakers under the **LES BENJAMINS** mark that has caused confusion with Plaintiff's **LES NYC®, LES™**, and **LOWER EAST SIDE™** marks.

For many years, Plaintiff has been independently operating a clothing business under the trade name **L.E.S. CLOTHING CO.™** which has sold various clothing items under the **LOWER EAST SIDE™, LES™** and **LES NYC™** brand names. Plaintiff has spent significant time and effort in building the **LES™, LOWER EAST SIDE™** and **LES NYC®** marks into nationally recognized brands and has taken the appropriate steps to seek and secure trademark registrations and other intellectual property protections for his various designs and artworks incorporating the **LES™, LOWER EAST SIDE™** and/or **LES NYC®** marks. Indeed, Plaintiff Does own a federally registered trademark under United States Trademark Registration No. 4,549,880 for the mark **LES NYC®** for apparel goods (TAC Ex. C). Plaintiff also owns several New York State trademark registrations for the mark **LOWER EAST SIDE™** and **LES™** for apparel goods. Plaintiff also references United States Trademark Registration No. 2,416,437 for the mark **LOWER EAST SIDE®** for "footwear" that is registered with the United States Patent

2

and Trademark Office ("PTO") that Plaintiff has a Co-Existence Agreement with the owner of such registration.[1].

The letters LES™ are a commonly used abbreviation and/or acronym that is used to refer to LOWER EAST SIDE™.

Defendant Bloomingdale's seeks dismissal of Plaintiff's First Amended Complaint for failure to state of cause of action upon which relief can be granted.

Defendant PUMA's use of the mark LES BENJAMINS™ in commerce in connection with the sale, promotion, and advertising of clothing items, which it sells through various retail outlets has already caused actual confusion in the apparel marketplace with Plaintiff's LES NYC® and LES™ marks. Plaintiff has sufficiently pleaded factual matter in his First Amended Complaint and has stated claims against Defendant Bloomingdales that are plausible on their face.

## Standard of Review Under Rule 12(b)(6)

A Defendant may move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) where the plaintiff "fail[s] to state a claim upon which relief can be granted." To survive such a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks

---

[1] Plaintiff has a Co-Existence Agreement with the owner of the incontestable federally registered trademark for the mark LOWER EAST SIDE®.

The Court may take judicial notice of Payless Shoesource, Inc.'s incontestable U.S. Trademark Registration No. 2,416,437 registered with the PTO for the mark LOWER EAST SIDE for "footwear", that Plaintiff has a Co-Existence Agreement with. See Island Software and Computer Serv., Inc. v. Microsoft Corp., 413 F.3d 257, 261 (2d Cir.2005) ("The Court may properly take judicial notice of official records of the United States Patent and Trademark Office and the United States Copyright Office"). (A copy of the Payless LOWER EAST SIDE trademark registration is attached to the Declaration of Robert G. Lopez, dated September 4, 2018 ("Lopez Declaration"), as Exhibit A.)

3

omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). As the Supreme Court noted in Iqbal,

> [a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id. (citations omitted).

**Standard of Review for Pro Se Pleadings**

Pro Se plaintiff filings are liberally construed, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citations and internal quotation marks omitted); accord Littlejohn v. City of New York, 795 F. 3d 297, 322 (2d Cir. 2015); see also Hill v. Curcione, 657 F. 3d 116, 122 (2d Cir. 2011) (review of pro se complaint for sufficiency requires "special solicitude, interpreting the complaint to raise the strongest claims that it suggests") (citation, brackets, and internal quotation marks omitted). However, even the pleadings of a pro se plaintiff "must contain factual allegations sufficient to raise a right to relief above the speculative level." Dawkins v. Gonyea, 646 F. Supp. 2d 594, 603 (S.D.N.Y. 2009) (internal quotation marks omitted) (quoting Twombly, 550 U.S. at 555); accord Ford v. Rodriguez, 2016 WL 6776345, at *2 (S.D.N.Y. Nov. 16, 2016).

> **On a motion to dismiss for failure to state a claim, a court's consideration is limited to the factual allegations in [the complaint], which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or**

> to documents either in plaintiff['s] possession or of which plaintiff[] had knowledge and relied on in bringing suit.

Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993); accord Halebian v. Berv, 644 F.3d 122, 130 n.7 (2d Cir. 2011); Portillo v. Webb, 2017 WL 4570374, at *1 (S.D.N.Y. Oct. 11, 2017).

Plaintiff believes that all of his infringement claims and causes of action in the FAC against Defendant Bloomingdale's should survive Defendants motion to Dismiss under 12(b)(6).

(i) **The first cause of action is for trademark infringement under 15 U.S.C. §1114.**

("Registration of a mark under § 2 of the Lanham Act, 15 U.S.C. § 1052, enables the owner to sue an infringer under § 32, 15 U.S.C. §1114...."). ("A certificate of registration of a mark upon the principal register provided by this chapter shall be prima facie evidence of...the owner's ownership of the mark..."), **and any confusingly similar variation of the mark.**

To make out a claim for trademark infringement under 15 U.S.C. §1114, a plaintiff must plausibly allege "that (1) [he] has a valid mark that is entitled to protection under the Lanham Act, and that (2) the defendant used the mark, (3) in commerce, (4) 'in connection with the sale...or advertising of goods or services, (5) without the plaintiff's consent.'" 1-800 Contacts, Inc. v. Whenu.Com, Inc., 414 F3.d 400, 407 (2d Cir. 2005) (citations omitted). A plaintiff must also establish that the defendant's use of the mark is "likely to 'cause confusion ... as to the affiliation, connection, or association of 'defendant] with [plaintiff], or as to the origin, sponsorship, or approval of the [defendant's] goods, services, or commercial activities by [plaintiff].'" Id. (quoting 15 U.S.C. § 1114(1)(a)).

Plaintiff's First Amended Complaint alleges that Plaintiff owns a federal trademark registration for the **LES NYC®** mark and provides a copy of the registration certificate to the FAC. The FAC also factually alleges that Defendant's use of the mark **LES BENJAMINS** is a confusingly similar mark to Plaintiff's federally registered **LES NYC®** mark and that Defendant Bloomingdale's use of the same has already caused actual confusion in the marketplace.

Plaintiff's First Amended Complaint also factually alleges with specificity that Defendant Bloomingdales is using Plaintiff's LES NYC® and/or a confusingly similar variation of Plaintiff's aforementioned mark in commerce without consent by placing the words LES BENJAMINS on sneakers and other footwear items. The FAC further alleges that the aforementioned use by Bloomingdale's violates Plaintiff's trademark rights in the aforementioned marks as Bloomingdale's is using Plaintiff's trademarks "in commerce" in connection with the sale and offering of clothing products for a profit.

Plaintiff's First Amended Complaint also factually alleges that Defendant Bloomingdale's is using Plaintiff's federally registered **LES NYC®** and/or a confusingly similar mark in commerce in connection with the sale and advertising of clothing items without Plaintiff's consent.

Since Plaintiff's First Amended Complaint plausibly alleges that he has valid marks that are entitled to protection under the Lanham Act and factually alleged that Defendant Bloomingdale's has used the **LES NYC®** and/or a confusingly similar mark in commerce from its website www.bloomingdales.com and various other retail sources in connection with the advertising, promotion and sale of clothing items without Plaintiff's consent, Plaintiff has met the 5 prong test in establishing a case of trademark infringement under 15 U.S.C. §1114.

Plaintiff has also plausibly alleged that defendants use of the mark is "likely to cause confusion...as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of the Defendant's goods, services, or commercial activities by plaintiff.

Plaintiff's First Amended Complaint alleges that Defendant Bloomingdale's use of the mark **LES BENJAMINS** in connection with footwear is likely to continue to cause confusion between Plaintiff's **LES NYC®** mark as both marks are confusingly similar. The FAC also factually alleges that Defendant Bloomingdale's use of Plaintiff's **LES NYC®** and and/or a confusingly similar mark **LES BENJAMINS** marks has already caused confusion and is likely to cause future and additional instances of confusion as to the source of clothing products under the **LES NYC®** marks owned by Plaintiff.

Since there has already been instances of "actual confusion," it is plausible to believe that additional instances of consumer confusion will result by Defendant Bloomingdale's continued use of Plaintiff's **LES NYC®** mark or any confusingly similar variation of the same.

(ii) The second cause of action for unfair competition under 15 U.S.C. § 1125(a) is both valid and plausible and should **not** be dismissed and is sustainable for the same reasons as that of Plaintiff's first cause of action. Since there has already been instances of "actual confusion," it is plausible to believe that additional instances of consumer confusion will result by Defendant Bloomingdale's continued use of Plaintiff's **LES NYC®** and **LES™** trademarks or any confusingly similar variation of the same including its use of the **LES BENJAMINS** mark.

(iii) Plaintiff's cause of action for common law trademark infringement and unfair competition are sustainable for the same reasons as that of Plaintiff's first and second cause of action. Plaintiff has also alleged bad faith against Defendant Bloomingdale's.

7

(iv) Plaintiff's concedes that his fourth cause of action for unjust enrichment against Defendant Bloomingdale's is not sustainable.

## II. STATEMENT OF FACTS

Plaintiff Robert G. Lopez is a small independent clothing retailer that maintains a residence in Lower Manhattan New York City. Plaintiff has acquired trademark and other intellectual property rights in designs and affiliated artwork he has sold on various clothing items under the **LES NYC™**, **LES™** and **LOWER EAST SIDE™** trademarks and/or artwork designs. As a result of Plaintiff's long-standing and continuous use of the aforementioned trademarks in interstate commerce for approximately 20 years, Plaintiff has acquired secondary meaning in the marks in connection with clothing.

In addition to selling and offering for sale clothing items under the **LOWER EAST SIDE™** and **LES NYC™** brand names, Plaintiff has also continuously sold and offered for sale various clothing items including t-shirts which bear the **LES, LES NYC®** and **LOWER EAST SIDE™** marks in various fonts and design styles which are prominently displayed on the front and/or back of the t-shirts and/or sweaters.

Plaintiff sells, and promotes the sale of his **LES NYC®, LES™** and **LOWER EAST SIDE™** clothing via his website www.lesclothing.com, and his t-shirts and other clothing items are also available for sale in several retail locations.

Plaintiff advertises his **LES NYC®, LES™** and **LOWER EAST SIDE™** brand and clothing items through flyers, posters, stickers and through grass root street marketing methods such as painted "street murals." Plaintiff also regularly conducts photo shoots of customers who purchase his **LES NYC®** and **LOWER EAST SIDE™** clothing items to be included in magazine advertisements and marketing materials.

Plaintiff's **LOWER EAST SIDE**™ and **LES NYC**® clothing items have been featured in several music videos, magazines and television shows.

On Plaintiff's promotional flyers, posters, stickers, and on his product order forms, Plaintiff utilizes the "™" symbol to put the public and his customers on notice that he is claiming trademark rights in the **LOWER EAST SIDE**™, **LES NYC**® and **LES CLOTHING CO.**™ marks as used in connection with his clothing business. All of plaintiff's promotional materials include either the "™", ®, or © symbols to indicate ownership of the various **LES**™ designs and artwork. In fact, of plaintiff's three different flyers that depict images of various t-shirts including the marks **LES**™ or **LES NYC**®, the bottom of the flyer indicates **"All Designs and/or Logos are Copyrighted and Trademarked Works and the Property of L.E.S. Clothing Co."** [emphasis added]. Plaintiff even uses the "™" symbol or "registered trademark" designation on some of the actual **LOWER EAST SIDE**™ and **LES NYC**™ ornamental t-shirt designs aside from Plaintiff's various other uses of the **LOWER EAST SIDE**™ and **LES NYC**™ marks as a source indicator and identifier.

Defendant Bloomingdale's is using a confusingly similar name to that of Plaintiff's **LES**™ and **LES NYC**® marks to promote the sale and offering of clothing and other similar products including t-shirts, hoodies and headwear.

Defendant Bloomingdale's use of the **LES BENJAMINS** name violates and infringes on Plaintiff's federally registered **LES NYC**® mark.

Defendant Bloomingdale's use of the mark **LES BENJAMINS** in connection with clothing is likely to continue to cause confusion between Plaintiff's **LES NYC**® mark as both marks are confusingly similar and both marks begin the letters LES which is the dominant portion of both marks.

Defendant Bloomingdale's use of a similar variation of Plaintiff's **LES NYC®** mark has already caused confusion and is likely to cause future and additional instances of confusion as to the source of clothing products under the **LES NYC®** and/or **LES BENJAMINS** marks on clothing products offered by Plaintiff and/or Defendant.

Defendant Bloomingdale's had knowledge of Plaintiff's ownership rights in the **LES™** and **LES NYC®** marks.

Defendant Bloomingdale's use of Plaintiff's trademarks is not a fair use as Bloomingdale is using the marks for commercial business purposes and for a profit.

### III. <u>ARGUMENT</u>

Defendants seek dismissal of all of the claims of Plaintiff's First Amended Complaint under Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion to dismiss a complaint, the court must accept a plaintiff's factual allegations as true and draw all reasonable inferences in his favor. <u>Bernheim v. Litt</u>, 79 F.3d 318, 321 (2d Cir. 1996); see <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2199 (2007) (per curiam); <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1965 (2007).

In its recent decision in <u>Bell Atlantic Corp.</u>, the Supreme Court announced the "retirement" of the oft-quoted "no set of facts" language from <u>Conley v. Gibson</u>, 355 U.S. 41, 45-47 (1957), adopting in its place a "plausibility" standard. <u>Bell Atl. Corp.</u>, 127 S. Ct. at 1969. As interpreted by the Second Circuit, <u>Bell Atlantic Corp.</u> did not announce a "universal standard of heightened fact pleading, but …instead require[es] a flexible 'plausibility standard,' which obligates a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim <u>plausible</u>." <u>Iqbal v. Hasty</u>, 490 F.3d 143, 157-58 (2d Cir. 2007). The question is whether the pleading alleges "'enough facts to state a claim for relief

that is plausible on its face.'" Patane v. Clark, 508 F.3d 106, 111-12 (2d Cir. 2007) (quoting Bell Atl. Corp., 127 S. Ct. at 1974).

### A. Plaintiff's First and Second Cause of Action for Trademark Infringement and Unfair Competition is Plausible

Plaintiff's First and Second Cause of Action plausibly states a claim for relief under Section 43(a) of the Lanham Act, which extends to both registered and unregistered trademarks. Section 43(a)(1)(a) of the Lanham Act provides a cause of action for a trademark holder against any person who misuses its trademark in a way that is "likely to cause confusion" to the buying public as to the origin, affiliation or sponsorship of the trademark holders product or service. 15 U.S.C. §§1114-1116 and §1125(a).

The hallmark of infringement is the likelihood of confusion by the buying public between the plaintiff's goods or services and that of the defendant. See Fed Express Corp. v. Fed Espresso, Inc., 201 F.3d 1503, 1508-09 (2d Cir. 2007).

In the current action, Plaintiff not only claims a likelihood of confusion between Defendant Bloomingdale's use of the **LES BENJAMINS** and his **LES NYC™** mark, but claims "actual confusion" in relation to Defendants use of the **LES BENAJMINS** mark and alleges with particularity the facts surrounding the actual confusion that has already occurred. In the FAC, Plaintiff stated "Defendant's use of the mark LES BENJAMINS mark has already caused confusion and is likely to cause future and additional instances of confusion as to the source of clothing products under the LES BENJAMINS products sold by Defendant and/or the **LES NYC®** marks and products sold by Plaintiff." The FAC also stated "Plaintiff was contacted by a long-standing customer[s] of his LES CLOTHING CO.™, LOWER EAST SIDE™, and LES NYC® clothing products regarding the LES BENJAMINS products that are offered and sold by Defendant Bloomingdale's thinking the products were sponsored, affiliated and/or done in

11

collaboration with Plaintiff and his LES Clothing Co™ company and business." The FAC also states "Plaintiff licenses the LES NYC® and LES™ marks to third party clothing companies to be used on clothing goods under his direct control and authorization." to explain how its plausible for a consumer of LES BENJAMINS related apparel to encounter the clothing products offered and sold by Defendant Bloomingdale's and believe that the products are sponsored or affiliated with Plaintiff and how the long standing customers that contacted Plaintiff, who inquired about the LES BENJAMINS clothing products being sold by Defendant Bloomingdale's believed that the clothing offered by Bloomingdale's were in fact produced, manufactured and/or licensed by Plaintiff". On a motion to dismiss, the Court must accept the factual allegations in the complaint and may consider only whether the pleading plausible states a claim for relief. Iqbal, 490 F.3d at 157-58. Here, the FAC plausibly pled the existence of a valid and protectable mark. The FAC also plausibly establishes that the Defendants use a confusingly similar mark to that of Plaintiff's LES NYC® and LES™ trademarks. The FAC also plausibly argues that consumers have already been confused as to the affiliation or source of the LES BENJAMINS™ goods offered by Defendant Bloomingdale's and that continued confusion is likely to occur. Defendants do not dispute that "actual confusion" has already occurred. Instead they argue that Bloomingdale's use of the mark **LES BENJAMINS** is not likely to cause confusion with Plaintiff **LES NYC®** and/or **LES™** marks.

Likelihood of confusion is "a fact-intensive analysis that does not lend itself to a motion to dismiss. *See Merck & Co., Inc. v. Mediplan Health Consulting, Inc.*, 425 F. Supp. 2d 402, 412 (S.D.N.Y. 2006); *See also Deere & Co. v. MTD Prods., Inc.*, No. 00 Civ. 5936, 2001 WL 435613, at *1 (S.D.N.Y. Apr. 20, 2001). This is a factual dispute that must be resolved by the fact finder after discovery. Moreover, the FAC did factually allege that Defendant

Bloomingdale's use of the mark **LES BENJAMINS** is a use of Plaintiff's trademark **LES NYC®** and **LES™** marks in commerce.

Accordingly, the FAC has alleged sufficient facts to support trademark infringement and/or unfair competition under its 43(a) Lanham Act claim.

**B.    Plaintiff's Third Cause of Action for Common Law Trademark Infringement and Unfair Competition is Plausible**

For all of the same reasons that Plaintiff's First and Second Cause of Action is plausible, Plaintiff contends that his First Cause of Action is also plausible and should not be dismissed.

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiff respectfully request that this Court deny Defendant Bloomingdale's's Motion to Dismiss or in the alternative allow Plaintiff to file a Second Amended Complaint to more clearly articulate the claims against Bloomingdale's.

Dated: May 4, 2020  
New York, NY

Respectfully submitted,  
Robert G. Lopez – Pro Se

Robert G. Lopez  
Pro Se Plaintiff  
230 Clinton Street – Apt. 11C  
New York, New York 10002  
(917) 868-1698