USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/27/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ROBERT G. LOPEZ,

              Plaintiff,            **ORDER**

   -v-                                    20-CV-905 (PGG) (JLC)

NIKE, INC., *et al*,

              Defendants.
---------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

On May 22, 2020, Defendant Bloomingdale's, Inc. filed a Notice of Supplemental Authority (Dkt. No. 72) that attaches a copy of Judge Liman's recent decision in *Lopez v. Adidas America, Inc. et al*, No. 19-CV-7631 (LJL), 2020 WL 2539116 (S.D.N.Y. May 19, 2020). In light of the fact that this decision was issued after Bloomingdale's motion was fully briefed and includes information that is relevant to the present dispute, the parties are hereby directed to submit additional briefing as to how the decision in *Adidas* bears on their positions in this case.

Specifically, the parties should address the following questions:

- In ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court may properly consider "matters of which judicial notice may be taken under Fed. R. Evid. 201." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). Which matters, if any, subject to judicial notice in *Lopez v. Adidas America Inc. et al* should also be so subject to judicial notice in this action? *See Lopez v. Adidas America Inc., et al.,* 2020 WL 2539116, at *6 n.6.

- Moreover, the Court may take judicial notice of documents filed in other cases, including complaints, "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer v. Time Warner Inc.*, 937 F.2d at 774. As to LES BENJAMINS, Lopez alleges slightly different facts with respect to the likelihood of confusion and instances of actual consumer confusion in *Adidas* than he alleges in the present case. *Compare Lopez v. Adidas America Inc. et al.,* No. 19-CV-7631, Dkt. No. 43 ¶ ¶58–62 *with Lopez v. Nike, Inc., et al.,* No. 20-CV-905, Dkt. No. 62 at 11–12. What bearing do these differences have on the analysis of the likelihood of confusion in this case?

- More broadly, in the case of Bloomingdale's, why should the Court follow the analysis in *Adidas America* as it relates to the dismissal of the trademark claim (and other claims), and in the case of Lopez, why should the Court decline to follow the analysis in *Adidas America* as it relates to the dismissal of the trademark claim (and other claims)?

Lopez and Bloomingdale's shall have up to 10 additional pages of briefing, limited to the issues identified above, to be filed simultaneously on **June 5, 2020**.

A copy of this order will be both emailed and mailed to Lopez.

**SO ORDERED.**

Dated: May 27, 2020
New York, New York

_____
JAMES L. COTT
United States Magistrate Judge